In The United States District Court
For The Western District Of Washington

Balmuccino, LLC, a California limited liability company,

　　　　　*Plaintiff*,

　　v.

Starbucks Corporation, a Washington corporation;

　　　　　*Defendant*.

No. 2:22-cv-1501

Complaint

Jury Demand

Plaintiff Balmuccino, LLC complains and alleges as follows:

## I. Parties.

1.　Plaintiff Balmuccino, LLC ("Plaintiff") is and at all times relevant to this Complaint was a California limited liability company doing business in Los Angeles, California.

2.　Defendant Starbucks Corporation is and at all times relevant to this Complaint was a Washington corporation doing business in California.

## II. Jurisdiction and Venue.

3.　This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the Plaintiff and all its members are citizens of a State different from Defendant.

4.　This Court has personal jurisdiction over Defendant because it resides in this State and judicial district.

Complaint - 1

*Balmuccino v. Starbucks*, No. 2:22-cv-1501

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to the claim occurred in this State and judicial district and because Defendant is subject to personal jurisdiction in this State and judicial district.

### III. Facts.

6.      Beginning in approximately 2016, Plaintiff, through its managing members, began developing a line of coffee-flavored lip balms.

7.      After investing substantial time and resources, including financial resources, developing and perfecting the concept and product, Plaintiff began seeking out another entity with which it could manufacture and sell the coffee-flavored lip balms, for example through a joint venture partnership.

8.      One of Plaintiff's managing members, Samantha Lemole, was a sister-in-law of Mehmet Cengiz Öz, known professionally as "Dr. Oz." Ms. Lemole informed Dr. Öz regarding Plaintiff's search for a partner, and in or about June 2017, Dr. Öz contacted Defendant's CEO, Howard Schultz, to notify Mr. Schultz of Plaintiff's fully realized concept and product that could be a promising joint venture for Defendant.

9.      In response to being so notified of Plaintiff's product, Mr. Schultz instructed Dr. Öz to have Ms. Lemole and Plaintiff's other members to reach out directly to Defendant's Head of Product Development and Senior Vice President, Mesh Gelman.

10.     Accordingly, and on or about October 19, 2017, Defendant's co-founder and member, Meredith Scott Lynn, Plaintiff's lead chemist and product manufacturer, Vince Spinnato, Plaintiff's branding director, Faith Miller, along with Ms. Lemole, met Mr. Gelman and his assistant, Peter Ginsburg, in Defendant's New York corporate offices for a pitch meeting. During this meeting, Mr. Gelman was presented with a pitch deck along with fully realized prototypes for the Plaintiff's product line, designed specifically for Defendant.

11.     Also during the meeting, Plaintiff requested that Mr. Gelman sign a Non-Disclosure Agreement, but Mr. Gelman deflected, expressly stating that the meeting and the items discussed therein were completely confidential and that the relationship between Mr. Schultz and

COMPLAINT - 2

BALMUCCINO V. STARBUCKS, NO. 2:22-CV-1501

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Dr. Öz, who had brokered the meeting, should provide the necessary comfort and protections Plaintiff was seeking via the Non-Disclosure Agreement.

12. For over an hour during the meeting, Mr. Gelman engaged the parties present during the meeting, and most specifically Mr. Spinnato, in extensive questioning about Plaintiff's concepts and products, the creation process of lip balms, the different flavor possibilities, and other detailed inquiries. Mr. Spinnato discussed details of the entire process, including the names and locations of the material suppliers and manufacturers that had been involved during the near two-year development process. Mr. Ginsberg took copious notes while Mr. Gelman listened intently. At the end of the meeting, Mr. Gelman asked if he could hold on to the pitch deck so that he could run the idea "up the flagpole" and explore the possibility of a partnership moving forward.

13. Two weeks after the meeting, Mr. Gelman emailed Ms. Lemole and Ms. Scott Lynn stating that he was leaving Starbucks to start his own consulting business – clearly an exit that was in place prior to the October 19 meeting taking place. He did not discuss the status of the product pitch that had taken place during the meeting.

14. Thereafter, and in 2018, Plaintiff was shockingly notified that Defendant had reached out to one the suppliers Mr. Spinnato had been working with to inquire about coffee-flavored lip balms. Plaintiff was notified that employees within Defendant's Research and Development team were requesting the creation of prototypes for Starbucks-branded lip balm and lip balm cases. Plaintiff was further informed that the specifications received by the potential manufacturer for these prototypes were identical to those Plaintiff had given to Mr. Gelman during the October 19, 2017 meeting.

15. In approximately April 2019, Starbucks announced the launch of a kit of four liquid lipsticks/glosses called "The S'mores Frappuccino Sip Kit." The kit was created to celebrate the return of the Starbucks S'mores Frappuccino and includes four shades (three nude-brown-caramel shades, and one iridescent white shade) called Chocolicious Bliss, Marshmallow Glow, Campfire Spark, and Graham Glam.

COMPLAINT - 3

BALMUCCINO V. STARBUCKS, NO. 2:22-CV-1501

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

16.     In other words, Defendant effectively stole Plaintiff's product and has begun the manufacturing and sale of that product without compensating Plaintiff. Plaintiff had delivered a fully realized product concept to Defendant in a branded, pocketable lip balm delivery mechanism, along with fully formulated samples that smelled and tasted like the flavors of Defendant's beverages. Subsequent to that meeting, Defendant improperly misappropriated this confidential information it obtained.

17.     The fully developed concept self-evidently demonstrates that Plaintiff's members invested large amounts of energy, time and funds into the development of the product and the prototypes. It is equally clear that Defendant has now taken the organic entrepreneurship, creativity, hard work, and invention demonstrated by Plaintiff's members and taken steps to monetize their creation without providing due compensation to Plaintiff. Plaintiff has been injured by Defendant's conduct.

## IV.  Causes of Action.

**A.  First Cause of Action: Breach of Implied-in-Fact Contract.**

18.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs of this Complaint.

19.     Plaintiff invested substantial time and resources in developing an eventually fully realized concept and line of coffee-flavored lip balms.

20.     In late 2017, including a meeting on October 19, 2017, Plaintiff spoke to and met with Defendant's agents to discuss a joint venture associated with the production of the coffee-flavored lip balms developed by Plaintiff. During these conversations and meetings, it was understood and otherwise implied that if Defendant utilized Plaintiff's ideas and concepts associated with the coffee-flavored lip balms, that Plaintiff would be duly compensated and given proper credit.

21.     In fact, during the meeting on October 19, 2017, Plaintiff requested that Defendant's agents sign a Non-Disclosure Agreement, and Defendant's agents expressly stated

COMPLAINT - 4

BALMUCCINO V. STARBUCKS, No. 2:22-CV-1501

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

and additionally implied through their actions that Defendant would abide by the terms of the Non-Disclosure Agreement without actually signing it.

22. During the October 19, 2017 meeting, Plaintiff provided to Defendant substantial information associated with this line of coffee-flavored lips balms, including a pitch deck and fully realized prototypes for the Plaintiff's product line, designed specifically for Defendant.

23. At all times herein, Defendant was aware of the implied terms and conditions of Plaintiff's submission of the ideas and concepts associated with the coffee-flavor lip balm, and following industry custom and practice, agreed to abide by them.

24. Plaintiff complied with all the terms and conditions of the implied contract between Plaintiff and Defendant, to the extent that such terms and conditions have not been waived or excused by Defendant's conduct.

25. Defendant breached the implied contract by, amongst other things, releasing coffee-flavored lip balms in 2019 without Plaintiff's consent and without compensating Plaintiff.

26. At the time Defendant breached the implied contract, it was aware that such breach would injure Plaintiff and that Plaintiff would suffer consequential damages.

27. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been damaged in an amount which has not yet been determined, not less than $75,000, and according to proof at the time of trial.

**B. Second Cause of Action: Breach of Oral Contract.**

28. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs of this Complaint.

29. Plaintiff invested substantial time and resources in developing an eventually fully realized concept and line of coffee-flavored lip balms.

30. During the October 19, 2017 meeting, Plaintiff provided to Defendant substantial information associated with this line of coffee-flavored lips balms, including a pitch deck and fully realized prototypes for the Plaintiff's product line, designed specifically for Defendant.

COMPLAINT - 5

BALMUCCINO V. STARBUCKS, NO. 2:22-CV-1501

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

31. At all times herein, Defendant was aware of the express terms and conditions of Plaintiff's submission of the ideas and concepts associated with the coffee-flavor lip balm, and following industry custom and practice, agreed to abide by them.

32. Plaintiff complied with all the terms and conditions of the oral contract between Plaintiff and Defendant, to the extent that such terms and conditions have not been waived or excused by Defendant's conduct.

33. Defendant breached the oral contract by, amongst other things, releasing coffee-flavored lip balms in 2019 without Plaintiff's consent and without compensating Plaintiff.

34. At the time Defendant breached the oral contract, it was aware that such breach would injure Plaintiff and that Plaintiff would suffer consequential damages.

35. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been damaged in an amount which has not yet been determined, not less than $75,000, and according to proof at the time of trial.

**C. Third Cause of Action: Breach of Confidence.**

36. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs of this Complaint.

37. Plaintiff invested substantial time and resources in developing an eventually fully realized concept and line of coffee-flavored lip balms. Plaintiff provided to Defendant substantial information associated with this line of coffee-flavored lips balms, including a pitch deck and fully realized prototypes for the Plaintiff's product line, designed specifically for Defendant.

38. When Plaintiff disclosed this information to Defendant, Plaintiff did so based upon the trust it placed in Defendant to treat its ideas and work product as proprietary and confidential and to be utilized by Defendant only to evaluate Plaintiff's ideas or to otherwise develop Plaintiff's ideas as a joint venture. Plaintiff reasonably and justifiably expected that Defendant would not disclose or otherwise utilize Plaintiff's ideas and work product unless such disclosure and utilization was on Plaintiff's behalf with proper compensation.

COMPLAINT - 6

BALMUCCINO V. STARBUCKS, No. 2:22-CV-1501

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

39. Defendant was aware of its obligation to limit the use of Plaintiff's ideas and work product to only evaluate Plaintiff's ideas or to otherwise develop those ideas as a joint venture and with just compensation to Plaintiff. The fact that Defendant intentionally used Plaintiff's ideas and work product to its own pecuniary advantage in developing and distributing for use its own branded lip balms in 2019 constitutes a breach of the confidential relationship between Plaintiff and Defendant.

40. As a direct and proximate result of Defendant's wrongful conduct in breaching its confidential relationships with Plaintiff, Plaintiff has been damaged in an amount which has not yet been determined, and according to proof at the time of trial.

41. Defendant's wrongful conduct was done with the intent to vex and injure Plaintiff, with malice and conscious disregard for Plaintiff's rights and pecuniary well-being. Accordingly, and pursuant to C.C.P. section 3294, Plaintiff is therefore entitled to an award of punitive or exemplary damages sufficient to deter Defendant from engaging in such conduct in the future.

**D. Fourth Cause of Action: Trade Secret Misappropriation.**

42. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs of this Complaint.

43. Plaintiff invested substantial time and resources in developing an eventually fully realized concept and line of coffee-flavored lip balms, and therefore was the owner of such information. All such information was unknown to the public and known only to Balmuccino's Members and their suppliers/agents, all of whom understood that such information should not be disseminated unless for business purposes and to persons whom understood the confidential nature of such information. Furthermore, such information had economic value given that it constituted the information required to create Plaintiff's products, as well as the information that would allow for the creation of a competing product, as well as the reasons why Plaintiff's products had economic value in the existing marketplace. Accordingly, such information was Plaintiff's own trade secret at the time it spoke to and met with Defendant in 2017.

Complaint - 7

Balmuccino v. Starbucks, No. 2:22-cv-1501

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

44. With the disclosed intent of creating a joint venture to manufacture and sell a line of coffee-flavor lip balms, Plaintiff provided to Defendant substantial and secret information associated with this line of coffee-flavored lips balms, including a pitch deck, fully realized prototypes, identification of suppliers and materials, explanations of the results of research and development efforts, trial and error results, marketing ideas, market data, all for the Plaintiff's product line.

45. Rather than use this information for its intended purpose – i.e. to assess the potential joint venture or to actually begin working towards the manufacturing of the coffee-flavored lip balms with just compensation to Plaintiff – Defendant improperly used this information to manufacture its own line of coffee-flavored lip balms in approximately 2019 without compensating Plaintiff.

46. As a direct and proximate result of Defendant's wrongful conduct in misappropriating the aforementioned information, Plaintiff has been damaged in an amount which has not yet been determined, and according to proof at the time of trial.

47. Defendant's wrongful conduct was done with the intent to vex and injure Plaintiff, with malice and conscious disregard for Plaintiff's rights and pecuniary well-being. Accordingly, and pursuant to C.C.P. section 3294, Plaintiff is therefore entitled to an award of punitive or exemplary damages sufficient to deter Defendant from engaging in such conduct in the future.

## V. Jury Demand.

48. Plaintiff demands a trial by jury for all issues so triable.

## VI. Prayer For Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For a judgment against Defendant and in favor of Plaintiff;
2. For general damages according to proof;
3. For special damages according to proof;
4. For damages for loss of past, present and future economic losses according to proof;
5. For damages for Plaintiff's other economic losses according to proof;

COMPLAINT - 8

BALMUCCINO V. STARBUCKS, No. 2:22-CV-1501

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

6. For a reasonable royalty and/or disgorgement of unjustly earned monies for Defendant's trade secret misappropriation;

7. For punitive damages;

8. For prejudgment interest according to proof;

9. For costs of suit herein;

10. For post-judgment interest according to proof;

11. For such other and further relief as this Court deems just and proper.

///

///

October 21, 2022.

| ARD LAW GROUP PLLC | MARTORELL LAW APC |
|---|---|
| By: *[signature]* <br> Joel B. Ard, WSBA # 40104 <br> P.O. Box 11633 <br> Bainbridge Island, WA 98110 <br> 206.701.9243 <br> Joel@Ard.law <br> Attorneys For Plaintiff | By: *[signature]* <br> Eduardo Martorell, CA Bar # 240027 <br> *Pro Hac Vice Application Pending* <br> Playa District <br> 6100 Center Drive, Suite 1130 <br> Los Angeles, California 90045 <br> (323) 840-1200 <br> EMartorell@martorell-law.com <br> Attorneys for Plaintiff |

COMPLAINT - 9

BALMUCCINO V. STARBUCKS, NO. 2:22-CV-1501

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243