Honorable John H. Chun

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

BALMUCCINO, LLC, a California limited liability company,

    Plaintiff,

v.

STARBUCKS CORPORATION, a Washington corporation,

    Defendant.

Case No. 22-cv-1501 JHC

DEFENDANT'S MOTION TO DISMISS

NOTE ON MOTION CALENDAR:
February 17, 2023

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# **TABLE OF CONTENTS**

Page

I. REQUESTED RELIEF ............................................................................................... 1

II. PLAINTIFF'S COMPLAINT ..................................................................................... 2

    1. Plaintiff's Allegations Are Assumed To Be True. ........................................... 2

    2. Plaintiff Is Aware that its LLC Status Is "Suspended" and that It Therefore Lacks the Capacity to Bring this Action. ......................................................... 3

III. ARGUMENT ............................................................................................................... 4

    1. Rule 12(b)(6) Standard ..................................................................................... 4

    2. Conflict of Laws .............................................................................................. 4

        A. Washington law, which presumptively applies in this case, is not "fundamentally incompatible" with the laws of California. ................ 5

        B. Washington, not California, has the most significant relationships with the subject matter of this case. ..................................................... 6

    3. Plaintiff Lacks the Capacity to Bring this Action. ........................................... 8

    4. Plaintiff's Claims Are Time-Barred ............................................................... 10

    5. Plaintiff's Common-Law Tort Claims (Claims 3 & 4) Are Preempted Under Washington's UTSA. .......................................................................... 12

    6. Granting Plaintiff Leave to Amend the Complaint Would Be Futile. ........... 13

    7. Plaintiff's Claim for Punitive Damages Should Be Stricken under Rule 12(f). ................................................................................................................ 13

IV. CONCLUSION .......................................................................................................... 15

DEFENDANT'S MOTION TO DISMISS - i
CASE NO. 22-CV-1501-JHC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................4

*Bakalian v. Cent. Bank of Republic of Turkey*,
  932 F.3d 1229 (9th Cir. 2019) ..........................................................................................4, 6, 7, 11,

*Balmuccino, LLC v. Starbucks Corp.*,
  2022 WL 3643062 (Cal. Ct. App. Aug. 24, 2022) (unpublished) ......................................7, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................4

*Boeing v. Sierracin*,
  108 Wn.2d 38, 738 P.2d 665 (1987) .......................................................................................13

*Burnside v. Simpson Paper Co.*,
  123 Wn.2d 93, 864 P.2d 937 (1994) .........................................................................................5

*Canron, Inc. v. Fed. Ins. Co.*,
  82 Wn. App. 480, 918 P.2d 937 (1996) .................................................................................6, 7

*Chadwick Farms Owners Ass'n v. FHC LLC*,
  166 Wn.2d 178, 207 P.3d 1251 (2009) ...................................................................................10

*Chao Chen v. Geo Grp., Inc.*,
  297 F. Supp. 3d 1130 (W.D. Wash. 2018) ..............................................................................14

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ...............................................................................................2, 14

*Cohen v. Davis Creek Lumber Co.*,
  311 P.2d 583 (Cal. Ct. App. 1957) ............................................................................................9

*Dailey v. N. Coast Life Ins. Co*,
  129 Wn.2d 572, 919 P.2d 589 (1996) ...........................................................................1, 5, 14

*Dent v. Cox Comm. Las Vegas, Inc.*,
  502 F.3d 1141 (9th Cir. 2007) ............................................................................................3, 10

*DeSoto v. Yellow Freight Sys., Inc.*,
  957 F.2d 655 (9th Cir. 1992) ..................................................................................................13

DEFENDANT'S MOTION TO DISMISS - ii
CASE NO. 22-CV-1501-JHC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*Dowell Co. v. Gagnon*,
  36 Wn. App. 775, 677 P.2d 783 (1984) ...................................................................................11

*Downey Venture v. LMI Ins. Co.*,
  78 Cal. Rptr. 2d 142 (Cal. Ct. App. 1998) ................................................................................5

*Ed Nowogroski Ins., Inc. v. Rucker*,
  88 Wn. App. 350, 944 P.2d 1093 (1997) ................................................................................12

*Fluke Corp. v. Hartford Acc. & Indem. Co.*,
  102 Wn. App. 237, 7 P.3d 825 (2000) .....................................................................................5

*Fowler v. Guerin*,
  200 Wn.2d 110, 515 P.3d 502 (2022) ....................................................................................12

*Huynh v. Chase Manhattan Bank*,
  465 F.3d 992 (9th Cir. 2006) ...................................................................................................4

*Johnson v. Spider Staging Corp.*,
  87 Wn.2d 577, 555 P.2d 997 (1976) ........................................................................................6

*Lyon v. Chase Bank USA, N.A.*,
  656 F.3d 877 (9th Cir. 2011) ...................................................................................................2

*Maya v. Centex Corp.*,
  658 F.3d 1060 (9th Cir. 2011) ...............................................................................................10

*Palm Valley Homeowners Ass'n, Inc. v. Design MTC*,
  102 Cal. Rptr. 2d 350 (Cal. Ct. App. 2000) ........................................................................9, 10

*Patton v. Cox*,
  276 F.3d 493 (9th Cir. 2002) ...................................................................................................5

*Rokos v. Peck*,
  227 Cal. Rptr. 480 (Cal. Ct. App. 1986) ................................................................................11

*Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc.*,
  156 F. Supp. 3d 348 (E.D.N.Y. 2016) .....................................................................................8

*Sec. & Exch. Comm'n v. Lidingo Holdings, LLC*,
  2018 WL 2183999 (W.D. Wash. May 11, 2018) (unpublished) .........................................8, 9

*Shanghai Com. Bank Ltd. v. Chang*,
  189 Wn.2d 474, 404 P.3d 62 (2017) ........................................................................................6

DEFENDANT'S MOTION TO DISMISS - iii
CASE NO. 22-CV-1501-JHC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*Thola v. Henschell*,
  140 Wn. App. 70, 164 P.3d 524 (2007) ................................................................................12

*Wittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) .................................................................................................14

**Statutes**

Cal. Civ. Proc. Code § 339 .........................................................................................................14

Cal. Civ. Code § 3294 ........................................................................................................ *passim*

Cal. Civ. Code §§ 3426.6–3426.7 ........................................................................................11, 12

Cal. Corp. Code § 17713.10 .....................................................................................................9, 10

RCW 4.16.080 ........................................................................................................................10, 11

RCW 4.16.170–4.16.230 ..............................................................................................................11

RCW 23.95.500 .............................................................................................................................8

RCW 25.15.309 .............................................................................................................................8

RCW 25.15.316 .............................................................................................................................8

Uniform Trade Secrets Act ("UTSA"), RCW 19.108.010 *et seq.* ..................................................1

**Other Authorities**

Fed. R. Civ. P. 4 .............................................................................................................................3

Fed. R. Civ. P. 8 .............................................................................................................................4

Fed. R. Civ. P. 12 ..........................................................................................................1, 4, 10, 12

Fed. R. Civ. P. 17 ........................................................................................................................6, 8

Fed. R. Evid. 201 ................................................................................................................3, 7, 9, 10

Restatement (Second) Conflict of Laws § 188 (1971) ...................................................................6

DEFENDANT'S MOTION TO DISMISS - iv
CASE NO. 22-CV-1501-JHC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## I. REQUESTED RELIEF

Defendant Starbucks Corporation ("Starbucks") moves to dismiss all claims brought by Plaintiff Balmuccino Limited Liability Company ("LLC"), with prejudice, under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's status as a registered limited liability company has been "suspended" and deemed "inactive" by the State of California since August 2021, meaning Plaintiff lacks the legal capacity to bring this action. For this reason alone, the complaint should be dismissed.

Plaintiff's claims are also time-barred, as they were asserted several months after the applicable statutes of limitations period expired. Plaintiff fails to plead any facts that could plausibly provide grounds for applying statutory or equitable tolling in this case. All of Plaintiff's claims should be dismissed for this reason as well.

In addition, Plaintiff asserts two common-law claims sounding in tort, a "breach of confidence" claim and a "trade secret misappropriation" claim (Claims 3 & 4). Both claims are preempted by the Washington Uniform Trade Secrets Act ("UTSA"), chapter 19.108 RCW. Claims 3 and 4 should be dismissed on preemption grounds.[1]

To the extent that Plaintiff's complaint survives this motion, in whole or in part, Starbucks alternatively moves to strike from the complaint, pursuant to Rule 12(f), Plaintiff's request for "punitive damages" authorized under California Civil Procedure Code § 3294. *See* Compl. ¶¶ 41, 47, § VI(7) (Dkt. # 1). Punitive damages are contrary to Washington's public policy and are generally not recoverable. *See Dailey v. N. Coast Life Ins. Co*, 129 Wn.2d 572, 574, 919 P.2d 589 (1996).[2] Plaintiff's improper claim for punitive damages should be stricken from the complaint. *See* Fed. R. Civ. P. 12(f).

---

[1] In addition to these procedural deficiencies, all four of Plaintiff's claims are susceptible to dismissal for failure to allege facts that plausibly state a claim for relief under Rule 12(b)(6). To the extent the Court declines to dismiss Plaintiff's claims on the procedural grounds raised in this Motion, Starbucks does not waive its ability to raise this defense in a Rule 12(c) motion at a later date. *See* Fed. R. Civ. P. 12(h)(1)(B)(i), 12(h)(2)(B).

[2] As discussed in Section III(2) below, Washington law presumptively applies to this case, as it is not fundamentally incompatible with California law and it has the most significant relationship with the subject matter of this case.

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## II.  PLAINTIFF'S COMPLAINT

### 1.  Plaintiff's Allegations Are Assumed To Be True.

Plaintiff filed a complaint in this Court on October 21, 2022. *See* Dkt. # 1. Although Starbucks denies many of Plaintiff's allegations, it assumes the facts alleged are true for purposes of this Motion. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). Still, the Court need not accept "legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

Plaintiff alleges that "at all times relevant to this Complaint," it "was a California limited liability company doing business in Los Angeles, California" under the name Balmuccino, LLC. Compl. ¶ 1. Plaintiff alleges that Starbucks is "a Washington corporation doing business in California." *Id.* ¶ 2. Plaintiff alleges it "began developing a line of coffee-flavored lip balms" in "approximately 2016," and then "began seeking out another entity with which it could manufacture and sell the coffee-flavored lip balms." *Id.* ¶¶ 6–7.

In or around "June 2017," one of Plaintiff's managing members, who was a sister-in-law of Mehmet Cengiz Öz (a.k.a., Dr. Öz), informed Dr. Öz of Plaintiff's search for a business partner. *Id.* ¶ 8. Dr. Öz then contacted Starbucks CEO, Howard Schultz, and they allegedly agreed to set up a "pitch meeting" between Plaintiff's managing members and Starbucks Head of Product Development and Senior Vice President. *Id.* ¶¶ 8–9.

That meeting occurred on or around October 19, 2017, in Starbucks New York corporate headquarters. *Id.* ¶ 10. During the meeting, Starbucks "was presented with a pitch deck along with fully realized prototypes for the Plaintiff's product line, designed specifically for Defendant." *Id.* Although Plaintiff "requested that [Starbucks Head of Product Development] sign a Non-Disclosure Agreement," he "deflected, stating that the meeting and the items discussed therein were completely confidential . . ." *Id.* ¶ 11. Plaintiff then proceeded to "discuss[] details of the

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

entire process" of lip-balm creation, "including the names and locations of the material suppliers and manufacturers that had been involved during the near two-year development process." *Id.* ¶ 12.

At some point "in 2018," Plaintiff was notified that Starbucks had allegedly "reached out to one of the suppliers [Plaintiff] had been working with to inquire about coffee-flavored lip balms"; allegedly, Starbucks "w[as] requesting the creation of prototypes for Starbucks-branded lip balm." *Id.* ¶ 14. Further, Starbucks "specifications" to the supplier were "identical to those Plaintiff had given to [Starbucks] during the October 19, 2017 meeting." *Id.*

Then, in "April 2019," Starbucks "announced the launch of a kit of four liquid lipsticks/glosses called 'The S'mores Frappuccino Sip Kit,' . . . to celebrate the return of the Starbucks S'mores Frappuccino." *Id.* ¶ 15. According to the complaint, that was the point that "Defendant effectively stole Plaintiff's product and ha[d] begun the manufacturing and sale of that product without compensating Plaintiff." *Id.* ¶ 16. The complaint further asserts "Defendant improperly misappropriated this confidential information it obtained" from Plaintiff, and "Plaintiff has been injured" as a result. *Id.* ¶¶ 16–17.

Plaintiff now brings this action, asserting four causes of action against Starbucks: (1) breach of implied-in-fact contract, (2) breach of oral contract, (3) breach of confidence, and (4) a trade secret misappropriation. *Id.* ¶¶ 18–47. Plaintiff further asserts it is entitled to an award of punitive damages pursuant to California Civil Code § 3294. *See* Compl. ¶¶ 41, 47, § VI(7).

**2.     Plaintiff Is Aware that its LLC Status Is "suspended" and that It Therefore Lacks the Capacity to Bring this Action.**

After Plaintiff filed its complaint on October 21, 2022, Plaintiff served Starbucks with a copy of the complaint and summons on November 4, 2022.[3] Shortly thereafter, Starbucks became aware that Plaintiff's LLC status was "suspended" and not in good standing with the California Secretary of State ("SOS"). *See* Declaration of Shelby Stoner ("Stoner Decl.") at ¶¶ 2–4, Ex. 1.[4]

---

[3] To date, Plaintiff has not filed proof of service by affidavit with the Court. *See* Fed. R. Civ. P. 4(l)(1).

[4] The Court may take judicial notice of government records, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2); *see also Dent v. Cox Comm.*

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

The California SOS website indicates Plaintiff was required to submit certain documentation to the government by November 30, 2020, and its legal status became "inactive" on August 3, 2021. *Id.*, Ex. 1.

As of January 20, 2023, the date of this filing, Plaintiff still had not resolved its suspended LLC status.[5] Starbucks now moves to dismiss all claims on this ground, among others: (1) Plaintiff lacks the capacity to sue due to its suspended and inactive LLC status, (2) it has untimely asserted its claims in this Court, and (3) two of Plaintiff's claims, the "breach of confidence" and "misappropriation of trade secrets" claims (Claims 3 & 4) are preempted by the UTSA.

### III.   ARGUMENT

#### 1.   Rule 12(b)(6) Standard

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding whether to grant a motion to dismiss claims as time-barred, the Court similarly "determine[s] whether the running of statute is apparent on the face of the complaint." *Bakalian v. Cent. Bank of Republic of Turkey*, 932 F.3d 1229, 1234 (9th Cir. 2019) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

#### 2.   Conflict of Laws

It is apparent from the face of the complaint that Washington law applies to this case. Federal district courts sitting in diversity apply "the forum state's choice of law rules to determine

---

*Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007) (concluding district court may take judicial notice of a document that the parties agreed was authentic and integral to the plaintiff's claim, without converting the motion into one for summary judgment).

[5] Using the "Business Search" records on the California SOS website, Plaintiff's business profile is available at https://bizfileonline.sos.ca.gov/search/business (last visited Jan. 20, 2023). *See* Stoner Decl. at ¶ 6.

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

the controlling substantive law." *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002). Accordingly, Washington's conflict of laws rules govern this analysis.

> A. *Washington law, which presumptively applies in this case, is not "fundamentally incompatible" with the laws of California.*

Before Washington courts engage in a conflicts of law analysis, "[a]n actual conflict between the law of Washington and the law of another state must be shown to exist." *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 103, 864 P.2d 937 (1994). An actual conflict requires that the other state's laws is "fundamentally incompatible with Washington's." *Id.* at 100. "Absent such a showing, the forum state may apply its own law." *Id.* at 104–05.

Here, Plaintiff cannot plausibly allege that Washington's common law governing contract and tort claims are "fundamentally incompatible" with California law. *See id.* at 100. The only competing policy interests that are potentially implicated here are Washington's public policy against punitive damages and California's allowance of punitive damages under § 3294 of the California Civil Procedure Code. *Compare* Cal. Civ. Code § 3294, *with Dailey*, 129 Wn.2d at 574. Yet, the California statute provides that the recovery of punitive or "exemplary damages" is available only in limited circumstances not present here: in non-contract cases, where it is proven by "*clear and convincing* evidence that defendant has been guilty of *oppression, fraud, or malice*." Cal. Civ. Code § 3294 (emphasis added). Moreover, California "has not made its own public policy [regarding punitive damages] the paramount factor in choice of law." *Fluke Corp. v. Hartford Acc. & Indem. Co.*, 102 Wn. App. 237, 253, 7 P.3d 825 (2000) (citing *Downey Venture v. LMI Ins. Co.*, 78 Cal. Rptr. 2d 142 (Cal. Ct. App. 1998)).

Plaintiff cannot plausibly show that California's interest in permitting punitive damages under specific circumstances is "fundamentally incompatible" with Washington's public policy that generally excludes such damages. Washington law therefore presumptively applies. *See Burnside*, 123 Wn.2d at 100, 104–05 (applying Washington law to implied contract claim between

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

California and California-based employee residing in Washington because California's interest in suit was not "fundamentally incompatible" with Washington law, which presumptively applied).

> B.   Washington, not California, has the most significant relationships with the subject matter of this case.

In the event there were an "actual conflict between the law of Washington and the law of another state," which there is not, Washington courts would apply the "most significant relationships" test articulated in the Restatement (Second) Conflict of Laws § 188 (1971). *See Canron, Inc. v. Fed. Ins. Co.*, 82 Wn. App. 480, 492, 918 P.2d 937 (1996). When contract claims are asserted, as here, and "[i]n the absence of an effective choice of law by the parties," "the validity and effect of a contract are governed by the law of the state having the most significant relationship with the contract." *Shanghai Com. Bank Ltd. v. Chang*, 189 Wn.2d 474, 484–85, 404 P.3d 62 (2017). Under § 188, the "significant relationships" analysis turns on:

- The place of contracting;
- The place of negotiation of the contract;
- The place of performance;
- The location of the subject matter of the contract; and
- The place of incorporation and place of business of the parties.

*Id.* Washington courts apply the "most significant relationship" rules in the tort context as well. *See Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580, 555 P.2d 997 (1976) (enumerating the factors courts consider in applying the "most significant relationship" rules to tort claims: (1) "the place where the injury occurred," "the place where the conduct causing the injury occurred," the "place of incorporation and place of business of the parties," and "the place where the relationship, if any, between the parties is centered").[6]

---

[6] Likewise, federal courts "apply the forum's statute of limitations unless (a) the forum would allow the claim; (b) 'maintenance of the claim would serve no substantial interest of the forum'; and (c) 'the claim would be barred under the statute of limitations of a state having more significant relationship to the parties and the occurrence.'" *Bakalian*, 932 F.3d at 1234. "If the forum's law applies, [courts] also apply it accrual and tolling rules." *Id.*; *see also* Fed. R. Civ. P. 17(b)(3) (providing for "all other parties," including LLCs, the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located").

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1       Here, it is apparent from the face of the complaint that California has few, if any, "significant relationships" with the alleged contract at issue in this case, or Starbucks purported tortious actions. The complaint alleges that the *only* meeting that occurred between Plaintiff and Starbucks, which was scheduled at the request of Plaintiff, took place outside of California, in Starbucks New York office. Compl. ¶¶ 11–12. According to the complaint, Starbucks never followed up with Plaintiff after the meeting to "discuss the status of the product pitch" that Plaintiff had presented to Starbucks in New York. *Id.* ¶ 13. Nor did Starbucks ever conduct any business in California with Plaintiff. *Id.* ¶¶ 14–17; *see also Canron*, 82 Wn. App. at 493–94 (after concluding that "the parties understood that the contracts covered multiple risks in multiple locations," and that "ministerial acts of negotiating and executing the contracts do not amount to significant contacts" with that state, the court presumed Washington law applied).

      Indeed, nearly all of Starbucks actions that allegedly give rise to Plaintiff's claims—including the alleged place of performance, the location of the subject matter of the contract, and the actions that caused Plaintiff's purported injuries—took place in Washington, Starbucks headquarters, not California. Compl. ¶¶ 14–17.[7] Plaintiff cannot invoke California's laws based on allegations that it is a (suspended) California LLC that pitched a joint venture to a Washington company (Starbucks), which declined Plaintiff's pitch. *See id.* These allegations are simply insufficient to satisfy Plaintiff's burden that California has the "most significant relationship" with the parties or the subject matter at issue in this case. In the absence of any plausible allegations that California has a "more significant relationship" with this case than Washington, Washington law presumptively applies.

---

[7] *See also Balmuccino, LLC v. Starbucks Corp.*, No. B308344, 2022 WL 3643062, at *5 (Cal. Ct. App. Aug. 24, 2022) (unpublished) (concluding that "the Sip Kit lip glosses, as well as the entire promotional campaign, were created, developed, and launched in Washington, not California," and affirming trial court's ruling that "Balmuccino has not demonstrated its controversy is related to or arises out of Starbucks's contacts with the State of California"). The Court may take judicial notice of prior court orders and filings, among other matters of public record, without converting this Motion into one for summary judgment. *See* Fed. R. Evid. 201(b)(2); *see, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (taking judicial notice of "other pleadings, memoranda, expert reports, etc." from the parties' prior litigation and affirming district court's Rule 12(b) dismissal without conversion to summary judgment motion).

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

### 3. Plaintiff Lacks the Capacity to Bring this Action.

Because Plaintiff's LLC status has been suspended since August 2021, and Plaintiff has failed to cure that deficiency to date, Plaintiff lacks the capacity to bring this action.

Under Rule 17(b)(3), the "[c]apacity to sue or be sued" is generally determined for LLCs "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). *See, e.g.*, *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc.*, 156 F. Supp. 3d 348, 358 (E.D.N.Y. 2016) (concluding that LLCs are not corporations under Rule 17(b)(2) and applying the forum law (New York) to determine an LLC's capacity to sue based on Rule 17(b)(3)'s catch-all provision); *Sec. & Exch. Comm'n v. Lidingo Holdings, LLC*, No. 17-1600-RSM, 2018 WL 2183999 (W.D. Wash. May 11, 2018) (unpublished) (concluding that "under [Rule] 17(b)(3) . . . the court looks to the law of the state in which the district court is located to determine the capacity of an LLC to sue and be sued").

Although the Court must first look to Washington law, it may still determine that the statutes governing Washington LLCs do not apply to foreign LLCs, which are not registered to do business in this state. For example, under RCW 25.15.309(1), an LLC may bring claims within three years of dissolution. That statute, however, does not apply to foreign LLCs: it applies only to "limited liability companies that have filed a certificate of dissolution with the secretary of state *of Washington*." RCW 25.15.309(1) (emphasis added). Other Washington statutes govern "foreign limited liability companies *registered to do business in [Washington]*." *See, e.g.*, RCW 25.15.316 (emphasis added). But even those registered, foreign LLCs are subject to RCW 23.95.500, which provides that Washington is not entitled to "govern the liability that [a foreign LLC] has . . . a debt, obligation, or other liability of the foreign entity." RCW 23.95.500(1).

In the absence of any Washington authority governing unregistered, foreign LLCs, the Court must then look to the laws of the state in which the LLC is registered to do business. *See, e.g.*, *Lidingo Holdings, LLC*, 2018 WL 2183999, at *4. In *Lidingo Holdings*, the court concluded that the Washington statutes governing LLCs were "not applicable" to the defendant, a dissolved

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Nevada LLC that was not registered in Washington, requiring the court to "look to Nevada law to determine [the defendant's] capacity to be sued." *Id.* at *4. Applying Nevada law, the *Lidingo Holdings* court dismissed the action "[b]ecause [the plaintiff] did not file its claims against [the defendant] within two years of its dissolution" and "those claims are now barred." *Id.*

Similarly here, the complaint alleges it is a "California limited liability company," Compl. ¶ 1, and there is no indication that Plaintiff has filed any type of registration to do business in Washington.[8] Accordingly, the Court must turn its analysis to Plaintiff's capacity to sue under California law (despite the presumptive applicability of Washington law to all other claims and issues). *See Lindingo Holdings, LLC*, 2018 WL 2183999, at *4.

Under California law, an LLC that fails to file the requisite documentation with the California government, after receiving 60 days' notice, is subject to "suspension . . . and thereupon, except for the purposes of amending the articles of organization to set forth a new name, *the powers, rights, and privileges of the limited liability company are suspended*." Cal. Corp. Code § 17713.10(c). As California case law clarifies, these suspended powers, rights, and privileges deprive the LLC of statutory standing to engage in litigation at all. *See, e.g.*, *Cohen v. Davis Creek Lumber Co.*, 311 P.2d 583, 587 (Cal. Ct. App. 1957) (concluding business entity lacks statutory "standing as plaintiff" and "had no right to sue . . . since [its] corporate powers, rights and privileges . . . [are] suspended for failure to pay . . . taxes due to the State of California"); *Palm Valley Homeowners Ass'n, Inc. v. Design MTC*, 102 Cal. Rptr. 2d 350, 354–55, 356–57 (Cal. Ct. App. 2000) (concluding "a corporation suspended for failure to file a required statement . . . is . . . disabled from participating in any litigation activities" and affirming imposition of *sanctions* against attorneys for pursuing, in bad faith, litigation activities while its client was suspended).

In this case, it is apparent from the face of the complaint, along with public information available on the California SOS and Washington SOS websites (of which the Court may take

---

[8] A search of the Washington SOS website, available at https://ccfs.sos.wa.gov/#/ (last visited Jan. 19, 2023), has no results indicating "BALMUCCINO" or "BALMUCCINO, LLC" is a registered to do business in Washington State. *See* Stoner Decl. ¶ 5; *see also* Fed. R. Evid. 201(b)(2).

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

judicial notice, *see* Fed. R. Evid. 201(b)(2)), that Plaintiff is not registered in Washington and has been a "suspended" LLC since August 2021—more than a year before it filed this action. *See* Stoner Decl., Ex. 1. Although this public information is found outside the pleadings, the Court may consider this information without converting this Motion into one for summary judgment because Plaintiff cannot dispute that this information is "authentic" and "integral to" Plaintiff's ability to sue. *See Dent v. Cox Comm. Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007). Based on Plaintiff's status as a suspended LLC, it lacks statutory standing to sue under California Corporate Code § 17713.10(c) and is therefore "disabled from participating in *any* litigation activities." *Palm Valley Homeowners Ass'n*, 102 Cal. Rptr. 2d at 354–55 (emphasis added).[9]

The Court should dismiss Plaintiff's claims for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (concluding "lack of statutory standing requires dismissal for failure to state a claim" under Rule 12(b)(6)).

**4.      Plaintiff's Claims Are Time-Barred.**

Plaintiff's claims should also be dismissed because they are time-barred under the applicable statute of limitations. Washington law sets forth the following limitations periods relevant to Plaintiff's claims for (1) breach of implied-in-fact contract, (2) breach of oral contract, (3) breach of confidence, and (4) a trade secret misappropriation, Compl. ¶¶ 18–47:

| *Claim* | *Limitations Period* |
| --- | --- |
| **Claims 1 & 2:** "[A]n action upon contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument." | **Three years**<br><br>RCW 4.16.080(3). |
| **Claim 3:** "[A]n action for . . . any other injury to the person or rights of another not hereinafter enumerated." | **Three years**<br><br>RCW 4.16.080(2). |
| **Claim 4**: "An action for misappropriation." | **Three years**<br><br>RCW 19.108.060. |

---

[9] Even under Washington law, Plaintiff would still lack the capacity to sue because a "limited liability company [that] ceases to exist as a legal entity . . cannot be sued once . . . canceled" and "[a]t the same time, it cannot sue other entities once it is cancelled." *Chadwick Farms Owners Ass'n v. FHC LLC*, 166 Wn.2d 178, 182, 199, 207 P.3d 1251 (2009).

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 10

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

Plaintiff alleges that it first discovered Starbucks alleged breach or other wrongful conduct "in 2018," when Starbucks "reached out to one [of Plaintiff's] suppliers" and "request[ed] the creation of prototypes . . . identical to those Plaintiff had given to" Starbucks. *See* Compl. ¶ 14. Plaintiff again learned of Starbucks alleged wrongdoing in "April 2019," when "Starbucks announced the launch of a kit of four liquid lipsticks/glosses." Compl. ¶ 15. Accordingly, Plaintiff was required to assert its claims before the three-year statute of limitations expired on December 31, 2021—or, at the latest, April 2022. *See* RCW 4.16.080; RCW 19.108.060. Yet, Plaintiff waited another *six months*, until October 11, 2022, to assert its claims in this Court. Due to Plaintiff's delay in filing these claims, they are now time-barred under Washington law.

The result would be the same even if the Court applied California's relevant statute of limitations. California law provides an even *shorter* limitations period for breach of contract claims based on implied or oral contracts (Claims 1 & 2), *see* Cal. Civ. Proc. Code § 339 (providing two-year limitations period), and for breach of confidence claims (Claim 3), *see Rokos v. Peck*, 227 Cal. Rptr. 480, 489 (Cal. Ct. App. 1986) (concluding "statute of limitations for either cause of action for breach of implied contracts or cause of action for breach of confidence is identical," two years). The statute of limitations for trade secret misappropriation claims (Claim 4) is the same under both Washington and California law, three years. *See* Cal. Civ. Code § 3426.6.

Nor does Washington's tolling statutes, or its equitable tolling doctrine, save Plaintiff's claims. When "a claim is time-barred on its face, the plaintiff must specifically plead facts that would support equitable tolling." *See Bakalian*, 932 F.3d at 1235. Under Washington law, tolling is permitted only in specific, enumerated circumstances. *See* RCW 4.16.170–4.16.230 (e.g., fraud/concealment, disability, death, war, military service, and judicial proceedings). On the face of the complaint, none of these circumstances are present here.[10]

---

[10] To the extent Plaintiff might assert that the statute of limitations was tolled by a prior-filed case in California, *see Balmuccino, LLC*, 2022 WL 3643062, Plaintiff would be wrong. Under Washington law, the commencement of one action *does not toll* the statute of limitations as to a subsequent action, even as to the same claims and parties. *See Dowell Co. v. Gagnon*, 36 Wn. App. 775, 776, 677 P.2d 783 (1984). Similarly, Washington's statute of limitations is

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 11

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Likewise, under Washington's equitable tolling doctrine, courts allow equitable tolling when (1) "justice requires" it, (2) there is "bad faith, deception, or false assurances by the defendant," (3) the plaintiff "exercise[d] . . . reasonable diligence," and (4) it would be "consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations." *Fowler v. Guerin*, 200 Wn.2d 110, 119, 515 P.3d 502 (2022). Again, Plaintiff's complaint does not allege any facts that would support equitable tolling in this case.

Absent any allegations in the complaint that would support statutory or equitable tolling, Plaintiff's failure to comply with the applicable statute of limitations provide additional grounds to dismiss his claims for failure to state a claim under Rule 12(b)(6).

### 5. Plaintiff's Common-Law Tort Claims (Claims 3 & 4) Are Preempted Under Washington's UTSA.

In addition, Plaintiff's claims sounding in tort—claims for "breach of confidence" and "trade secret misappropriation" (Claims 3 & 4)—are preempted by Washington's adoption of the UTSA. The UTSA is clear: it "displaces conflicting tort, restitutionary, and other law[s] of this state pertaining to civil liability for misappropriation of a trade secret." RCW 19.108.900(1). The statute only makes exceptions for claims that are "[c]ontractual or other civil liability or relief that is not based upon misappropriation of a trade secret" or "criminal liability for misappropriation of a trade secret." RCW 19.108.900(2)(a)–(b).[11]

Washington courts likewise recognize that any alleged "breach of confidence" claim sounding in tort is preempted. *See, e.g.*, *Thola v. Henschell*, 140 Wn. App. 70, 164 P.3d 524 (2007) (concluding that the "UTSA preempts liability on the civil claim unless the common law claim is factually independent from the UTSA claim); *Ed Nowogroski Ins., Inc. v. Rucker*, 88 Wn. App. 350, 358, 944 P.2d 1093 (1997) (concluding that because plaintiff's "tort claim[] for misuse of

---

tolled by "judicial proceedings" *only* "[w]hen the commencement of an action is *stayed by injunction or a statutory prohibition*," RCW 4.16.230, circumstances that are not present here.

[11] Again, the same is true under California's UTSA. *See* Cal. Civ. Code § 3426.7(b) (enumerating specific statutory and common-law claims that are exempted from UTSA preemption, but failing to include common-law tort claims).

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

confidential information . . . [is] based on the same acts [as the UTSA claim], . . . the UTSA displaces [it]."); *see also Boeing v. Sierracin*, 108 Wn.2d 38, 48, 738 P.2d 665 (1987) (concluding the UTSA "displaces conflicting tort, restitutionary, and other law[s] of this state pertaining to civil liability for misappropriation of a trade secret").

Here, the complaint reveals that Plaintiff's common-law claims for breach of confidence and trade secret misappropriation (Claims 3 & 4) sound in *tort*, not contract, and are therefore preempted by the UTSA. For example, Plaintiff asserts it is entitled to recovery of punitive damages on these two claims under California Civil Procedure Code § 3294, based on alleged "malice" by Starbucks. *See* Compl. ¶¶ 41, 47. Moreover, punitive damages are available under § 3294 in "action[s] for the breach of an obligation *not* arising from contract." Cal. Civ. Code § 3294(a) (emphasis added). In light of the allegations supporting these two claims and the requested relief, the complaint demonstrates that Plaintiff brings these two claims as *tort* claims, not contract claims. Accordingly, Claims 3 and 4 are preempted by the UTSA.

### 6. Granting Plaintiff Leave To Amend the Complaint Would Be Futile.

When an amendment to the complaint "would be futile," the Court "does not err in denying leave to amend." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Because Plaintiff lacks standing to maintain claims against Starbucks as a suspended California LLC, and Plaintiff's claims are further barred by the relevant statutes of limitations and/or are preempted by the UTSA, the complaint's deficiencies cannot be cured by amendment. Accordingly, the Court need not grant Plaintiff leave to amend the complaint before dismissing Plaintiff's claims *with prejudice*.

### 7. Plaintiff's Claim for Punitive Damages Should be Stricken under Rule 12(f).

Starbucks also moves, under Rule 12(f), to strike from the complaint Plaintiff's claim for punitive damages as a result of Starbucks alleged tortious conduct, i.e., its "breach of confidence" and "misappropriation of trade secrets" (Claims 3 & 4). *See* Compl. ¶¶ 41, 47, § VI(7). Rule 12(f) "avoid[s] the expenditure of time and money that arise from litigating spurious issues by

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 13

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

dispensing with those issues prior to trial." *Wittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Under Rule 12(f), courts may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although motions to strike are disfavored if they are used as a "delaying tactic" or to avoid "resolution on the merits," such motions are routinely granted by this Court when the grounds set forth in Rule 12(f) are present. *See, e.g.*, *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132, 1135 (W.D. Wash. 2018) (striking material from the pleadings as "redundant").

In asserting a claim for punitive damages, Plaintiff exclusively relies on California Civil Code § 3294. For the reasons discussed in Section III(2) above, California law does not apply to this diversity case—Washington law applies—and Washington courts "ha[ve] consistently disapproved punitive damages as contrary to public policy." *Dailey*, 129 Wn.2d at 574 (explaining that punitive damages "not only impose . . . a penalty reserved for criminal sanctions, but also award a plaintiff with a windfall beyond full compensation").

Even assuming California law applies, that statute provides that punitive damages are available only in non-contract cases, in which it is proven by "*clear and convincing* evidence that defendant has been guilty of *oppression, fraud, or malice*." Cal. Civ. Code § 3294 (emphasis added). Plaintiff's complaint makes no allegations of "fraud" or "oppression" by Starbucks. *See* Compl. Although the complaint makes brief references to Starbucks "malice," *id*. ¶¶ 41, 47, these are mere "legal conclusions cast in the form of factual allegations . . . [that] cannot be reasonably drawn from the facts alleged." *Clegg*, 18 F.3d at 754–55. These references to "malice" do not plausibly allege that Plaintiff is entitled to punitive damages under the California statute, let alone under a "clear and convincing" standard.

Because Plaintiff's claim for punitive damages on Claims 3 and 4, as alleged in the complaint, are not recognized under Washington or California law, such allegations are "immaterial" and "impertinent." *See* Fed. R. Civ. P. 12(f). The Court should strike the allegations contained in ¶¶ 41, 47, and § VI(7) of the complaint. *See Chao Chen*, 297 F. Supp. 3d at 1135.

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 14

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## IV.  CONCLUSION

For these reasons, Starbucks respectfully requests that the Court **grant** this Motion and **dismiss** Plaintiff's claims, *with prejudice*, on the ground that Plaintiff lacks capacity to sue and has asserted untimely and preempted claims. To the extent that Plaintiff's complaint survives this Motion, in whole or in part, Starbucks alternatively requests that the Court **strike** from the complaint Plaintiff's improper claim for punitive damages (Compl. ¶¶ 41, 47, § VI(7)).

DATED this 20th day of January, 2023.

K&L Gates LLP

By: *s/ Shelby R. Stoner*
Pallavi Mehta Wahi, WSBA # 32799
Christopher M. Wyant, WSBA # 35561
Shelby R. Stoner, WSBA # 52837

925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
Tel: +1 206 623 7580
Fax: +1 206 623 7022
Email: pallavi.wahi@klgates.com
chris.wyant@klgates.com
shelby.stoner@klgates.com

Attorneys for Defendant

DEFENDANT'S MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 15

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022