The Hon. John H. Chun

In The United States District Court
For The Western District Of Washington

Balmuccino, LLC, a California limited liability company,

*Plaintiff*,

v.

Starbucks Corporation, a Washington corporation;

*Defendant*.

No. 2:22-cv-1501-TLF

First Amended Complaint

Jury Demand

Plaintiff Balmuccino, LLC complains and alleges as follows:

## I. Parties.

1. Plaintiff Balmuccino, LLC ("Plaintiff") is and at all times relevant to this Complaint was a California limited liability company doing business in Los Angeles, California.

2. Defendant Starbucks Corporation ("Defendant") is and at all times relevant to this Complaint was a Washington corporation doing business in California.

## II. Jurisdiction and Venue.

3. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the Plaintiff and all its members are citizens of a State different from Defendant.

4. This Court has personal jurisdiction over Defendant because it resides in this State and judicial district.

First Amended Complaint - 1

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-TLF

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to the claim occurred in this State and judicial district and because Defendant is subject to personal jurisdiction in this State and judicial district.

### III. Facts.

6. Beginning in approximately 2016, Plaintiff, through its managing members, began developing a line of coffee-flavored lip balms.

7. After investing substantial time and resources, including financial resources, developing and perfecting the concept and product, Plaintiff began seeking out another entity with which it could manufacture and sell the coffee-flavored lip balms, for example through a joint venture partnership.

8. One of Plaintiff's managing members, Samantha Lemole, was a sister-in-law of Mehmet Cengiz Öz, known professionally as "Dr. Oz." Ms. Lemole informed Dr. Öz regarding Plaintiff's search for a partner, and in or about June 2017, Dr. Öz contacted Defendant's CEO, Howard Schultz, to notify Mr. Schultz of Plaintiff's fully realized concept and product that could be a promising joint venture for Defendant.

9. In response to being so notified of Plaintiff's product, Mr. Schultz instructed Dr. Öz to have Ms. Lemole and Plaintiff's other members to reach out directly to Defendant's Head of Product Development and Senior Vice President, Mesh Gelman.

10. Accordingly, and on or about October 19, 2017, Defendant's co-founder and member, Meredith Scott Lynn, Plaintiff's lead chemist and product manufacturer, Vince Spinnato, Plaintiff's branding director, Faith Miller, along with Ms. Lemole, met Mr. Gelman and his assistant, Peter Ginsburg, in Defendant's New York corporate offices for a pitch meeting (alternatively, "Meeting"). During this meeting, which was arranged for New York by Starbucks's personnel, Mr. Gelman was presented with a pitch deck along with fully realized prototypes for the Plaintiff's product line, designed specifically for Defendant.

11. Also during the Meeting, Plaintiff requested that Mr. Gelman sign a Non-Disclosure Agreement, but Mr. Gelman deflected, expressly stating that the meeting and the items

First Amended Complaint - 2

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-TLF

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

discussed therein were completely confidential and that the relationship between Mr. Schultz and Dr. Öz, who had brokered the Meeting, should provide the necessary comfort and protections Plaintiff was seeking via the Non-Disclosure Agreement.

12. For over an hour during the Meeting, Mr. Gelman extensively questioned Plaintiff's team, especially chemist Mr. Spinnato about Plaintiff's concepts and products, the creation process of lip balms, the different flavor possibilities, and other detailed inquiries. Mr. Spinnato discussed details of the entire process, including the names and locations of the material suppliers and manufacturers that had been involved during the near two-year development process. During the questioning, Mr. Gelman's assistant, Mr. Ginsberg, took copious notes while Mr. Gelman listened intently. At the end of the Meeting, Mr. Gelman asked if he could hold on to the pitch deck so that he could run the idea "up the flagpole" and explore the possibility of a partnership or joint venture moving forward.

13. Two weeks after the Meeting, Mr. Gelman emailed Ms. Lemole and Ms. Scott Lynn stating he was leaving Starbucks to start his own consulting business – clearly an exit that was in place prior to the Meeting. He did not discuss the status of the product pitch that had taken place during that meeting.

14. Thereafter, and in 2018, Plaintiff was shockingly notified that Defendant had reached out to one of the suppliers Mr. Spinnato had been working with to inquire about coffee-flavored lip balms. Plaintiff was notified that employees within Defendant's Research and Development team were requesting the creation of prototypes for Starbucks--branded lip balm and lip balm cases. Plaintiff was further informed that the specifications received by the potential manufacturer for these prototypes were identical to those Plaintiff had given to Mr. Gelman during the October 19, 2017 meeting.

15. In approximately April 2019, Starbucks announced the launch of a kit of four liquid lipsticks/glosses called "The S'mores Frappuccino Sip Kit." The kit was created to celebrate the return of the Starbucks S'mores Frappuccino and included four shades (three nude-brown-caramel shades, and one iridescent white shade) called Chocolicious Bliss, Marshmallow Glow, Campfire

First Amended Complaint - 3

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-TLF

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Spark, and Graham Glam. That promotion reached California where nearly ten percent of Starbucks's retail stores are sited and where the Balmuccino team resided and operated.

16. In other words, Defendant effectively stole Plaintiff's product and began the manufacturing and promotion of that product to help drive sales, but without compensating Plaintiff. Plaintiff had delivered a fully realized product concept to Defendant in a branded, pocketable lip balm delivery mechanism, along with fully formulated samples that smelled and tasted like the flavors of Defendant's beverages. Subsequent to the Meeting, Defendant improperly misappropriated this confidential information..

17. The fully developed concept self-evidently demonstrates that Plaintiff's members invested large amounts of energy, time and funds into the development of the product and the prototypes. It is equally clear that Defendant has now taken the organic entrepreneurship, creativity, hard work, and invention demonstrated by Plaintiff's members and sought to monetize their creation without providing due compensation to Plaintiff. Plaintiff has been injured by Defendant's conduct.

### IV. Procedural Posture (Equitable Tolling).

18. Plaintiff timely filed suit against Starbucks on October 18, 2019 within the California Superior Court for the County of Los Angeles, Case Number 19STCV37444. Service of Summons occurred on 10/25/19. Plaintiff served Starbucks with the summons and Complaint on October 25, 2019.

19. According to its own sworn Declaration under oath, Starbucks has over 9% of its retail stores in California. Despite Plaintiff being a California entity, all four of Plaintiff's Members being California residents at the time of filing, substantially all product research and development occurring within California, the vast majority of communications with Defendant flowing to and from California, and all four Members traveling from California for their single meeting with Defendant in New York, the California Superior Court found it had no personal jurisdiction over Defendant and entered a Notice of Entry of Dismissal on July 17, 2020.

First Amended Complaint - 4

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-TLF

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

20. Plaintiff timely filed a Notice of Appeal on September 10, 2020 with the California Court of Appeal. The case remained within the California Court of Appeal from September 10, 2020 to October 26, 2022.

21. On August 24, 2022, the California Court of Appeal issued its opinion affirming the Superior Court's July 17, 2020 dismissal. The Court of Appeal issued its remittitur on October 26, 2022, thereby dismissing the Appeal as of that date.

22. Prior to the October 26, 2022 dismissal by the California Court of Appeal, Plaintiff filed the present case in federal court, on October 21, 2022.

23. As such, Plaintiff has consistently had an active action against Defendant from October 18, 2019 to the present. This means that Defendant has continually had timely notice of Plaintiff's claims, which have never ceased. It further means Defendant lacks prejudice regarding the gathering of evidence which evidence has not changed, as Plaintiff has at all times continued pursuing its claims.. Finally, Plaintiff's pursuit of its legal remedies within its home state of California constitutes good faith and reasonable conduct. For all such reasons, it is equitable to toll the statute of limitations for the time the California action was pending, from October 18, 2019 to October 26, 2022. Fairness and justice require that Plaintiff have its day in Court rather than have its case dismissed. Indeed, the alternative would be to hold that Plaintiff should have simultaneously filed actions in both California state court and Washington federal court – a policy that would lead to absurd results involving a multiplicity of actions and a waste of judicial and attorney resources whenever personal jurisdiction is even a remote question.

## V. Causes of Action.

### A. First Cause of Action: Breach of Implied-in-Fact Contract.

24. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs of this Complaint.

25. Plaintiff invested substantial time and resources in developing an eventually fully realized concept and line of coffee-flavored lip balms.

FIRST AMENDED COMPLAINT - 5

BALMUCCINO V. STARBUCKS, NO. 2:22-CV-1501-TLF

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

26. In late 2017, including at the meeting on October 19, 2017, Plaintiff spoke to and met with Defendant's agents to discuss a joint venture associated with the production of the coffee-flavored lip balms developed by Plaintiff. During these conversations and meetings, it was understood and otherwise implied that if Defendant used Plaintiff's ideas and concepts associated with the coffee-flavored lip balms, that Plaintiff would be duly compensated and given proper credit.

27. In fact, during the meeting on October 19, 2017, Plaintiff requested that Defendant's agents sign a Non-Disclosure Agreement, and Defendant's agents expressly stated and additionally implied through their actions that Defendant would abide by the terms of the Non-Disclosure Agreement without actually signing it.

28. During the Meeting, Plaintiff provided to Defendant substantial information associated with its line of coffee-flavored lips balms, including a pitch deck and fully realized prototypes for the Plaintiff's product line, designed specifically for Defendant.

29. At all times herein, Defendant was aware of the implied terms and conditions of Plaintiff's submission of the ideas and concepts associated with the coffee-flavored lip balms, and, following industry custom and practice, agreed to abide by them.

30. Plaintiff complied with all the terms and conditions of the implied contract between Plaintiff and Defendant, to the extent that such terms and conditions have not been waived or excused by Defendant's conduct.

31. Defendant breached the implied contract by, amongst other things, releasing coffee-flavored lip balms in 2019 without Plaintiff's consent and without compensating Plaintiff.

32. At the time Defendant breached the implied contract, it was aware that such breach would injure Plaintiff and that Plaintiff would suffer consequential damages.

33. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been damaged in an amount which has not yet been determined, but not less than $75,000, and according to proof at the time of trial.

FIRST AMENDED COMPLAINT - 6

*BALMUCCINO V. STARBUCKS*, NO. 2:22-CV-1501-TLF

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

### B. Second Cause of Action: Breach of Oral Contract.

34. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs of this Complaint.

35. Plaintiff invested substantial time and resources in developing an eventually fully realized concept and line of coffee-flavored lip balms.

36. During the October 19, 2017 meeting, Plaintiff provided to Defendant substantial information associated with this line of coffee-flavored lips balms, including a pitch deck and fully realized prototypes for the Plaintiff's product line, designed specifically for Defendant.

37. At all times herein, Defendant was aware of the express terms and conditions of Plaintiff's submission of the ideas and concepts associated with the coffee-flavor lip balms, and, following industry custom and practice, agreed to abide by them.

38. Plaintiff complied with all the terms and conditions of the oral contract between Plaintiff and Defendant, to the extent that such terms and conditions have not been waived or excused by Defendant's conduct.

39. Defendant breached the oral contract by, amongst other things, releasing coffee-flavored lip balms in 2019 without Plaintiff's consent and without compensating Plaintiff.

40. At the time Defendant breached the oral contract, it was aware that such breach would injure Plaintiff and that Plaintiff would suffer consequential damages.

41. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been damaged in an amount which has not yet been determined, but not less than $75,000, and according to proof at the time of trial.

### C. Third Cause of Action: Breach of Confidence.

42. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs of this Complaint.

43. Plaintiff invested substantial time and resources in developing an eventually fully realized concept and line of coffee-flavored lip balms. Plaintiff provided to Defendant substantial

First Amended Complaint - 7

Balmuccino v. Starbucks, No. 2:22-cv-1501-TLF

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

information associated with this line of coffee-flavored lips balms, including a pitch deck and fully realized prototypes for the Plaintiff's product line, designed specifically for Defendant.

44. When Plaintiff disclosed this information to Defendant, Plaintiff did so based upon the trust it placed in Defendant to treat its ideas and work product as proprietary and confidential and to be utilized by Defendant only to evaluate Plaintiff's ideas or to otherwise develop Plaintiff's ideas as a joint venture. Plaintiff reasonably and justifiably expected that Defendant would not disclose or otherwise use Plaintiff's ideas and work product unless such disclosure and utilization was on Plaintiff's behalf with proper compensation.

45. Defendant was aware of its obligation to limit the use of Plaintiff's ideas and work product to only evaluate Plaintiff's ideas or to otherwise develop those ideas as a joint venture and with just compensation to Plaintiff. The fact that Defendant intentionally used Plaintiff's ideas and work product to its own pecuniary advantage in developing and distributing for use its own branded lip balms in 2019 constitutes a breach of the confidential relationship between Plaintiff and Defendant.

46. As a direct and proximate result of Defendant's wrongful conduct in breaching its confidential relationships with Plaintiff, Plaintiff has been damaged in an amount which has not yet been determined, and according to proof at the time of trial.

47. Defendant's wrongful conduct was done with the intent to vex and injure Plaintiff, with malice and conscious disregard for Plaintiff's rights and pecuniary well-being. Accordingly, and pursuant to Code of Civil Procedure section 3294, Plaintiff is therefore entitled to an award of punitive or exemplary damages sufficient to deter Defendant from engaging in such conduct in the future.

**D. Fourth Cause of Action: Trade Secret Misappropriation Pursuant to the California Uniform Trade Secret Act (Civ. Code, §§ 3426-3426.11).**

48. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs of this Complaint.

First Amended Complaint - 8

Balmuccino v. Starbucks, No. 2:22-cv-1501-TLF

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

49. Plaintiff invested substantial time and resources in developing an eventually fully realized concept and line of coffee-flavored lip balms, and therefore was the owner of such information. All such information was unknown to the public and known only to Balmuccino's Members and their suppliers/agents, all of whom understood that such information should not be disseminated unless for business purposes and to persons who understood the confidential nature of such information. Furthermore, such information had economic value given that it constituted the information required to create Plaintiff's products, as well as the information that would allow for the creation of a competing product, as well as the reasons why Plaintiff's products had economic value in the existing marketplace. Accordingly, such information was Plaintiff's own trade secret at the time it spoke to and met with Defendant in 2017.

50. With the disclosed intent of creating a joint venture to manufacture and sell a line of coffee-flavor lip balms, Plaintiff provided to Defendant substantial and secret information associated with this line of lip balms, including a pitch deck, fully realized prototypes, identification of suppliers and materials, explanations of the results of research and development efforts, trial and error results, marketing ideas, market data, all for the Plaintiff's product line.

51. Rather than use this information for its intended purpose – i.e. to assess the potential for a joint venture or to actually begin working towards the manufacturing of the coffee-flavored lip balms with just compensation to Plaintiff, Defendant acquired and improperly used this information to manufacture its own line of coffee-flavored lip balms in approximately 2019 and without compensating Plaintiff.

52. As a direct and proximate result of Defendant misappropriating the aforementioned information, Plaintiff has been damaged in an amount which has not yet been determined, and according to proof at the time of trial.

53. Defendant's wrongful conduct was willful and malicious and done with the intent to vex and injure Plaintiff, with malice and conscious disregard for Plaintiff's rights and pecuniary well-being. Accordingly, and pursuant to Civil Code section 3426.3, Plaintiff is therefore entitled

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

to an award of punitive or exemplary damages sufficient to deter Defendant from engaging in such conduct in the future.

### E. Fifth Cause of Action: Washington Uniform Trade Secret Act (RCW Ch. 19.108)

54. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs of this Complaint.

55. During the Meeting, Plaintiff provided information to Defendant that Defendant knew was proprietary and which could not be used or exploited for Defendant's commercial development or purposes in the absence of a joint venture agreement with Plaintiff.

56. Defendant further knew that the information Plaintiff shared with Defendant at the Meeting gave rise to a duty on Starbucks's part to maintain the secrecy of such information, especially after Defendant misrepresented to Plaintiff that the Non-Disclosure Agreement Plaintiff had requested was unnecessary. In so doing, Defendant used improper means to acquire knowledge of Plaintiff's trade secrets.

57. Defendant also knew that the information it acquired from Plaintiff during the Meeting had independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who could obtain economic value from its disclosure or use; and that Plaintiff had sought Defendant's assurance to maintain the secrecy of such information, which assurance Defendant afforded Plaintiff before Starbucks misappropriated that information for its own exploitation.

58. Defendant's wrongful conduct was willful and malicious and done with the intent to vex and injure Plaintiff, with malice and conscious disregard for Plaintiff's rights and pecuniary well-being. Accordingly, and pursuant to RCW 19.108.030(2), Plaintiff is therefore entitled to an award of punitive or exemplary damages as provided by law.

First Amended Complaint - 10

Balmuccino v. Starbucks, No. 2:22-cv-1501-TLF

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

### F. Sixth Cause of Action: Defend Trade Secrets Act (18 U.S.C.A. § 1836)

59. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs of this Complaint.

60. Defendant knew that the information it elicited from Plaintiff at the Meeting was a trade secret, and the disclosure of which would or could harm Plaintiff economically.

61. Defendant misappropriated the proprietary information it elicited from Plaintiff at the Meeting to advance its own commercial purposes, and promoted Starbucks's products based on that proprietary information without the knowledge, consent or permission of Plaintiff and all to the financial detriment and/or potential financial detriment of Plaintiff.

62. Plaintiff further maintains that it took reasonable steps to keep the misappropriated information secret and that Starbucks refused to afford Plaintiff a requested Non-Disclosure Agreement, so as to deprive Plaintiff of the economic value or potential economic value of its products.

63. Defendant's wrongful conduct was willful and malicious and done with the intent to vex and injure Plaintiff, with malice and conscious disregard for Plaintiff's rights and pecuniary well-being. Accordingly, and pursuant to 18 U.S.C. § 1836(b)(3)(C)-(D), Plaintiff is therefore entitled to an award of punitive or exemplary damages and attorney's fees as provided by law.

## VI. Jury Demand.

64. Plaintiff demands a trial by jury for all issues so triable.

## VII. Prayer For Relief

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. For a judgment against Defendant and in favor of Plaintiff;
2. For general damages according to proof;
3. For special damages according to proof;
4. For damages for loss of past, present and future economic losses according to proof;
5. For damages for Plaintiff's other economic losses according to proof;

First Amended Complaint - 11

Balmuccino v. Starbucks, No. 2:22-cv-1501-TLF

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

6. For a reasonable royalty and/or disgorgement of unjustly earned monies for Defendant's trade secret misappropriation;

7. For punitive damages;

8. For prejudgment interest according to proof;

9. For costs of suit herein;

10. For post-judgment interest according to proof;

11. For such other and further relief as this Court deems just and proper.

March 9, 2023.

| Ard Law Group PLLC | Martorell Law APC |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Joel B. Ard, WSBA # 40104 | Eduardo Martorell, CA Bar # 240027 |
| P.O. Box 11633 | *Admitted Pro Hac Vice* |
| Bainbridge Island, WA 98110 | Playa District |
| 206.701.9243 | 6100 Center Drive, Suite 1130 |
| Joel@Ard.law | Los Angeles, California 90045 |
| Attorneys For Plaintiff | (323) 840-1200 |
| | EMartorell@Martorell-Law.com |
| | Attorneys for Plaintiff |

First Amended Complaint - 12

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-TLF

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243