Honorable John H. Chun

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BALMUCCINO, LLC, a California limited liability company, | Case No. 22-cv-1501 JHC |
| Plaintiff, | DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT |
| v. | NOTE ON MOTION CALENDAR: April 14, 2023 |
| STARBUCKS CORPORATION, a Washington corporation, | |
| Defendant. | |

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# TABLE OF CONTENTS

I.    REQUESTED RELIEF .................................................................. 1

II.   BACKGROUND .................................................................... 2

      1.   Factual Allegations in the First Amended Complaint............................ 2

      2.   Procedural History ..................................................... 3

III.  ARGUMENT ..................................................................... 5

      1.   Rule 12(b)(6) Standard .................................................. 5

      2.   Washington Law Generally Applies To This Case............................... 6

           A.   Washington law, which presumptively applies in this case, is not
                "fundamentally incompatible" with the laws of California. .................. 6

           B.   Washington, not California, has the most significant relationships
                with the subject matter of this case. ......................................... 8

      3.   Plaintiff's Claims Are Time-Barred.................................... 10

      4.   Plaintiff is Not Entitled to Equitable Tolling As a Matter of Law.............. 12

           A.   Washington's tolling statutes and equitable tolling doctrine do not
                warrant the requested relief.................................................. 12

           B.   California's saving statute and equitable tolling doctrine do not
                warrant the requested relief.................................................. 15

           C.   The federal equitable tolling doctrine does not warrant the
                requested relief.............................................................. 16

      5.   Plaintiff's Breach of Confidence Claim Is Preempted Under the
           Washington UTSA.............................................................. 17

      6.   Granting Plaintiff Leave To Amend the FAC (Again) Would Be Futile. .......... 19

      7.   Plaintiff's Claim for Punitive Damages Should be Stricken under Rule
           12(f) or Otherwise Dismissed. .............................................. 20

IV.   CONCLUSION ................................................................. 222

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abear v. Teveliet,*
 No. C06-5550 RBL, 2006 WL 3813560 (W.D. Wash. Dec. 21, 2006) ...................................13

*Addison v. California,*
 578 P.2d 941 (Cal. 1978) ...................................16

*Allen v. Greyhound Lines,*
 656 F.2d 418 (9th Cir. 1981) ...................................7

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009) ...................................6

*Bakalian v. Cent. Bank of Republic of Turkey,*
 932 F.3d 1229 (9th Cir. 2019) ...................................6, 12

*Balmuccino, LLC v. Starbucks Corp.,*
 No. B308344, 2022 WL 3643062 (Cal. Ct. App. Aug. 24, 2022) ...................................4, 9

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007) ...................................6

*Benyaminov v. City of Bellevue,*
 144 Wn. App. 755, 183 P.3d 1127 (2008) ...................................14

*Blatt v. Deede,*
 135 F. App'x 968 (9th Cir. 2005) ...................................13

*Boeing v. Sierracin,*
 108 Wn.2d 38, 738 P.2d 665 (1987) ...................................18

*Bollinger v. Nat. Fire Ins. Co.,*
 154 P.2d 399 (Cal. 1944) ...................................7

*Burnside v. Simpson Paper Co.,*
 123 Wn.2d 93, 864 P.2d 937 (1994) ...................................6, 8

*Canron, Inc. v. Fed. Ins. Co.,*
 82 Wn. App. 480, 918 P.2d 937 (1996) ...................................8, 9

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*Chao Chen v. Geo Grp., Inc.*,
    297 F. Supp. 3d 1130 (W.D. Wash. 2018)................................................................20

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir. 1994) ......................................................................................2, 21

*Coast Hematology-Oncology Assocs. Med. Grp. v. Long Beach Mem. Med. Ctr.*,
    272 Cal. Rptr. 3d 715 (Cal. Ct. App. 2020)...............................................................18

*CyWee Grp. Ltd. v. HTC Corp.*,
    312 F. Supp. 3d 974 (W.D. Wash. 2018).....................................................................19

*Dailey v. N. Coast Life Ins. Co*,
    129 Wn.2d 572, 919 P.2d 589 (1996)......................................................................1, 20

*Datora v. United States*,
    522 F. Supp. 3d 823 (E.D. Wash. 2021).....................................................................17

*DeSoto v. Yellow Freight Sys., Inc.*,
    957 F.2d 655 (9th Cir. 1992) ........................................................................................19

*Dimcheff v. Bay Valley Pizza Inc.*,
    84 F. App'x 981 (9th Cir. 2004) .............................................................................12, 16

*Douchette v. Bethel Sch. Dist. No. 403*,
    117 Wn.2d 805, 818 P.2d 1362 (1991)..............................................................14, 15, 20

*Dowell Co. v. Gagnon*,
    36 Wn. App. 775, 677 P.2d 783 (1984) ................................................................12, 13

*Ed Nowogroski Ins., Inc. v. Rucker*,
    88 Wn. App. 350, 944 P.2d 1093 (1997).........................................................18, 19, 21

*Elliott v. Peterson*,
    92 Wn.2d 586, 599 P.2d 1282 (1979).............................................................................7

*Foman v. Davis*,
    371 U.S. 178 (1962)......................................................................................................19

*Fowler v. Guerin*,
    200 Wn.2d 110, 515 P.3d 502 (2022)...................................................................7, 8, 14

*Huynh v. Chase Manhattan Bank*,
    465 F.3d 992 (9th Cir. 2006) ..........................................................................................6

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON 98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

*Irwin v. Dep't of Veterans Affairs,*
    498 U.S. 89 (1990)................................................................16

*Jablon v. Dean Witter & Co.,*
    614 F.2d 677 (9th Cir. 1980) ..........................................6, 19

*Johnson v. Spider Staging Corp.,*
    87 Wn.2d 577, 555 P.2d 997 (1976) ..........................................8

*Lyon v. Chase Bank USA, N.A.,*
    656 F.3d 877 (9th Cir. 2011) ..........................................2

*Masse v. Clark,*
    No. C06-5375 RBL-KLS, 2007 WL 1468820 (W.D. Wash. May 18, 2007) ..........13

*Millay v. Cam,*
    135 Wn.2d 193, 955 P.2d 791 (1998) ..........................................14

*Pac. Aerospace & Elecs., Inc. v. Taylor,*
    295 F. Supp. 2d 1205 (E.D. Wash. 2003) ..........................................18

*Patton v. Cox,*
    276 F.3d 493 (9th Cir. 2002) ..........................................6

*Price v. Gonzales,*
    4 Wn. App. 2d 67, 419 P.3d 858 (2018) ..........................................12, 14, 15

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.,*
    442 F.3d 741 (9th Cir. 2006) ..........................................4

*Rokos v. Peck,*
    227 Cal. Rptr. 480 (Cal. Ct. App. 1986) ..........................................10

*Sager v. McHugh,*
    942 F. Supp. 2d 1137 (W.D. Wash. 2013) ..........................................16

*Shanghai Com. Bank Ltd. v. Chang,*
    189 Wn.2d 474, 404 P.3d 62 (2017) ..........................................8

*Thola v. Henschell,*
    140 Wn. App. 70, 164 P.3d 524 (2007) ..........................................18

*Waln v. Dysart Sch. Dist.,*
    54 F.4th 1152 (9th Cir. 2022) ..........................................4

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*Wittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ........................................................................20

*Wood v. Elling Corp.*,
    572 P.2d 755 (Cal. 1977) ..................................................................7, 8, 16

**Statutes**

Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 ..............................5, 11, 16

Cal. Civ. Code § 3294 ......................................................................18, 19, 21

Cal. Uniform Trade Secrets Act, Cal. Civ. Code § 3426–3426.11 ......................... *passim*

Cal. Civ. Proc. Code § 339 ....................................................................10

Cal. Civ. Proc. Code § 355 ......................................................................7

RCW 4.16.080 ..................................................................................10

RCW 4.16.170–4.16.240 .............................................................7, 12, 13, 15

Wash. Uniform Trade Secrets Act, Chapter 19.108 RCW ............................... *passim*

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................5

Fed. R. Civ. P. 12 ................................................................1, 5, 17, 19

Fed. R. Evid. 201 ................................................................................4

Restatement (Second) Conflict of Laws § 188 (1971)..........................................8

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# I.  **REQUESTED RELIEF**

Defendant Starbucks Corporation ("Starbucks") submits this Motion to Dismiss ("Motion"), seeking to dismiss with prejudice all claims brought by Plaintiff Balmuccino LLC ("Plaintiff") in the First Amended Complaint ("FAC") (Dkt. # 23) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claims are time-barred, as Plaintiff's initial complaint was filed in this Court nearly 11 months after the applicable three-year limitations period expired. Plaintiff has been provided several opportunities to amend the complaint, initially as a matter of right and ultimately with leave of Court. *See* Orders (Dkt. ## 17, 22). Yet, the FAC still fails to plead any facts that could plausibly justify Plaintiff's egregious and continuing delays in filing the complaint and any amendments thereto. *See* Order (Dkt. # 17).

Moreover, Plaintiff continues to assert a common law breach of confidence claim that is preempted by the Washington Uniform Trade Secrets Act ("Washington UTSA"), chapter 19.108 RCW. Starbucks previously alerted Plaintiff that this tort claim, as alleged in the initial complaint, was preempted under the Washington UTSA. *See* Mot. to Dismiss at 12–13 (Dkt. # 12). But Plaintiff nevertheless reasserts the claim without amendment. *See* FAC (redline) at ¶¶ 42–47 (Dkt. # 20-3). This claim should be dismissed on preemption grounds as well.[1]

Starbucks alternatively moves to strike under Rule 12(f) or otherwise dismiss Plaintiff's request for "punitive damages." *See* FAC ¶¶ 47, 53, 58; § VII(7). Under Washington law,[2] punitive damages are "contrary to public policy" and are generally not recoverable. *See Dailey v. N. Coast Life Ins. Co*, 129 Wn.2d 572, 574, 919 P.2d 589 (1996). Plaintiff's improper request for punitive damages is not supported by the facts alleged and should be stricken from the FAC.

---

[1] In addition to these procedural deficiencies, all of Plaintiff's claims are susceptible to dismissal for failure to allege facts that plausibly state a claim for relief under Rule 12(b)(6). To the extent the Court declines to dismiss Plaintiff's claims on the procedural grounds raised in this Motion, Starbucks does not waive its ability to raise this defense in a Rule 12(c) motion at a later date. *See* Fed. R. Civ. P. 12(h)(1)(B)(i), 12(h)(2)(B).

[2] As discussed in Section III(2) below, Washington law presumptively applies to this case.

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

## II.   BACKGROUND

### 1.   Factual Allegations in the FAC

Plaintiff filed its complaint in this Court on October 21, 2022 (Dkt. # 1), and its FAC on March 9, 2023 (Dkt. # 23). Although Starbucks denies many of Plaintiff's allegations, it assumes the facts alleged are true for purposes of this Motion. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). Still, the Court need not accept "legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

According to the FAC, Plaintiff was "at all times relevant to this [FAC]," "a California limited liability company doing business in Los Angeles, California" under the name "Balmuccino, LLC." FAC ¶ 1. Starbucks is "a Washington corporation doing business in California." *Id.* ¶ 2.

Plaintiff alleges that in "approximately 2016," it "began developing a line of coffee-flavored lip balms" and "began seeking out another entity with which it could manufacture and sell the coffee-flavored lip balms." *Id.* ¶ 6–7. In or around "June 2017," one of Plaintiff's managing members, who is a sister-in-law of Mehmet Cengiz Öz (a.k.a., Dr. Öz), informed Dr. Öz of Plaintiff's search for a business partner. *Id.* ¶ 8. Dr. Öz then contacted Starbucks CEO, Howard Schultz, and they allegedly agreed to set up a "pitch meeting" between Plaintiff's managing members and Starbucks Head of Product Development and Senior Vice President. *Id.* ¶¶ 8–9.

Plaintiff alleges that this pitch meeting occurred on or around October 19, 2017, in Starbucks New York corporate headquarters. *Id.* ¶ 10. During that meeting, Plaintiff allegedly requested that Starbucks Head of Product Development "sign a Non-Disclosure Agreement." *Id.* ¶ 11. But Starbucks Head of Product Development allegedly "deflected, expressly stating that the meeting and the items discussed therein were completely confidential and that the relationship between Mr. Schultz and Dr. Öz, who had brokered the [m]eeting, should provide the necessary comfort and protections Plaintiff was seeking via the Non-Disclosure Agreement." *Id.*

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Accordingly, Plaintiff presented Starbucks "with a pitch deck along with fully realized prototypes for [] Plaintiff's product line, designed specifically for" Starbucks. *Id.* ¶ 10. Plaintiff then proceeded to "discuss[] details of the entire process" of lip-balm creation, "including the names and locations of the material suppliers and manufacturers that had been involved during the near two-year development process." *Id.* ¶ 12.

Two weeks later, Starbucks Head of Product Development notified Plaintiff that he was leaving Starbucks; but he failed to "discuss the status of the product pitch that" Plaintiff had made to Starbucks on October 19, 2017. *Id.* ¶ 13.

At some point "in 2018," Plaintiff alleges it was notified that Starbucks had "reached out to one of the suppliers [Plaintiff] had been working with to inquire about coffee-flavored lip balms." *Id.* ¶ 14. Allegedly, Starbucks "w[as] requesting the creation of prototypes for Starbucks-branded lip balm." *Id.* Further, Starbucks "specifications" to the supplier were allegedly "identical to those Plaintiff had given to [Starbucks] during the October 19, 2017 meeting." *Id.*

Then, in "April 2019," Starbucks allegedly "announced the launch of a kit of four liquid lipsticks/glosses called 'The S'mores Frappuccino Sip Kit,' . . . to celebrate the return of the Starbucks S'mores Frappuccino." *Id.* ¶ 15. According to the FAC, that was the point "Defendant effectively stole Plaintiff's product and began the manufacturing and promotion of that product to help drive sales, but without compensating Plaintiff." *Id.* ¶ 16. The FAC asserts "Defendant improperly misappropriated this confidential information" from Plaintiff, and "Plaintiff has been injured" as a result. *Id.* ¶¶ 16–17.

The FAC *does not* allege that the meeting between Starbucks and Plaintiff, or Starbucks purported development of a similar lip balm product, occurred in California.

### 2. Procedural History

Plaintiff sued Starbucks for breach of contract and trade secret misappropriation in the California Superior Court for the County of Los Angeles on October 18, 2019, *id.* ¶ 18—nearly two years after Plaintiff pitched its product to Starbucks on October 19, 2017, *id.* ¶ 10. The

DEFENDANT'S MOTION TO DISMISS THE FAC
Case No. 22-CV-1501 JHC - 3

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

California trial court, however, "found it had no personal jurisdiction over [Starbucks]" and dismissed the lawsuit on July 17, 2020. *Id.* ¶ 19. Plaintiff appealed. *Id.* ¶ 20.

Two years later, on August 24, 2022, the California Court of Appeal issued its decision, affirming the trial court's dismissal for lack of personal jurisdiction. *Id.* ¶ 21. In relevant part, the California appellate court concluded that Starbucks "Sip Kit lip glosses, as well as the entire promotional campaign, were created, developed, and launched in Washington, not California." *Balmuccino, LLC v. Starbucks Corp.*, No. B308344, 2022 WL 3643062, at *5 (Cal. Ct. App. Aug. 24, 2022). It therefore affirmed the trial court's ruling that "Balmuccino ha[d] not demonstrated its controversy is related to or arises out of Starbucks[] contacts with the State of California." *Id.* Plaintiff admits as much. FAC ¶¶ 19–21.[3]

Nearly two months later, on October 21, 2022, Plaintiff refiled its complaint against Starbucks in this Court. *Id.* ¶¶ 21–22. By that time, Plaintiff had allowed its LLC status to lapse, resulting in its suspension by the California Secretary of State ("SOS"). *See* Cal. SOS Business Search Webpage (Ex. 1 to the Declaration of Shelby Stoner ("Stoner Decl.")) (Dkt. # 14).[4] Although Starbucks notified Plaintiff, beginning in November 2022, that its suspended status deprived it of the capacity to sue, *see id.* ¶¶ 2–3, Plaintiff did not resolve its LLC status for several months, *see id.* ¶ 6. Accordingly, Starbucks moved to dismiss Plaintiff's initial complaint on January 20, 2023, on the ground that Plaintiff lacked standing to further participate in the litigation as a suspended LLC. *See* Mot. to Dismiss (Dkt. # 12); Reply (Dkt. # 16). Starbucks also moved to dismiss on the grounds that Plaintiff had asserted untimely claims (nearly 11 months after the

---

[3] Even if Plaintiff had failed to disclose this procedural history in the FAC, this Court may take judicial notice of prior court orders and filings, among other matters of public record, without converting this Motion into one for summary judgment. *See* Fed. R. Evid. 201(b)(2); *see, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of plaintiff's briefs in prior proceedings).

[4] Starbucks requests that the Court take judicial notice of the facts contained in the California SOS Business Search Webpage dated December 21, 2022 (Ex. 1 to the Stoner Decl.). These facts are "not subject to reasonable dispute because" they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see, e.g.*, *Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1164 n.11 (9th Cir. 2022) (taking judicial notice of photographs on a school district's website).

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

applicable limitations periods had expired) and that at least two of Plaintiff's common law claims were preempted under the Washington UTSA. *Id.*

In response to Starbucks initial motion to dismiss, Plaintiff failed to file an opposition. Instead, it (once again) filed an untimely amended complaint (Dkt. # 15). The Court therefore struck Plaintiff's untimely amended complaint and granted Starbucks unopposed motion to dismiss. *See* Order (Dkt. # 17). The Court nevertheless permitted Plaintiff to move for leave to file an amended complaint in the interest of justice (given the amended complaint was only one judicial day late). *Id.* In light of these developments, Starbucks did not oppose the filing of the FAC; and the Court therefore granted Plaintiff's unopposed request to file it. *See* Order (Dkt. # 22).

Plaintiff filed the FAC on March 9, 2023, asserting six claims for relief against Starbucks: (1) breach of implied-in-fact contract, (2) breach of oral contract, (3) breach of confidence, (4) a violation of the California Uniform Trade Secrets Act ("California UTSA"), Cal. Civ. Code §§ 3426–3426.11; (5) a violation of the Washington UTSA, chapter 19.108 RCW; and (6) a violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836. *See* FAC ¶¶ 24–63. The FAC concedes that these claims are all time-barred on their face but asserts that Plaintiff is entitled to "equitable tolling." *See id.* ¶¶ 18–23.

Starbucks once again moves to dismiss Plaintiff's claims as untimely, as the FAC fails to plausibly allege any facts in support of tolling the statutes of limitations. Nor does the FAC cure the prior pleading deficiencies with respect to the claim for breach of confidence, which is displaced by the UTSA.

### III.    <u>ARGUMENT</u>

#### 1.    **Rule 12(b)(6) Standard**

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding whether to grant a motion to dismiss claims as time-barred, the Court similarly "determine[s] whether the running of statute is apparent on the face of the complaint." *Bakalian v. Cent. Bank of Republic of Turkey*, 932 F.3d 1229, 1234 (9th Cir. 2019) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). When a motion to dismiss is based on the running of the statute of limitations, it may be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (affirming district court's finding that the statute of limitations barred the plaintiff's action).

### 2. Washington Law Generally Applies To This Case.

Washington's conflict of laws rules apply to this case. *See Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002) (federal district courts sitting in diversity apply "the forum state's choice of law rules to determine the controlling substantive law"). Applying those rules, it is clear that Washington substantive law (and not that of California) is controlling.

> A.   *Washington law, which presumptively applies in this case, is not "fundamentally incompatible" with the laws of California.*

Before Washington courts engage in a conflicts of law analysis, "[a]n actual conflict between the law of Washington and the law of another state must be shown to exist." *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 103, 864 P.2d 937 (1994). An actual conflict requires that the other state's laws is "fundamentally incompatible with Washington's." *Id.* at 100. "Absent such a showing, the forum state may apply its own law." *Id.* at 104–05.

Here, Plaintiff cannot plausibly allege that the Washington laws governing the claims at issue are "fundamentally incompatible" with California's laws. *See id.* at 100. The only "incompatibility" that Plaintiff could arguably raise is that California has adopted a so-called "saving statute," which permits a plaintiff to refile an action within one year after a case is

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

"reversed on appeal other than on the merits"—even if the original action was filed in a different state. Cal. Civ. Proc. Code § 355; *see Allen v. Greyhound Lines*, 656 F.2d 418, 422 (9th Cir. 1981) (concluding "California . . . construes its saving statute to apply to actions filed out of state"). California courts have explained that the "basic policy" underlying Section 355 could warrant similar treatment in cases in which the decision on appeal is *not reversed*, like here, so long as three factors are present: (1) "the trial court had erroneously granted the initial nonsuit," (2) "dilatory tactics on the part of the defendant had prevented disposition of the first action in time to permit a second filing within the" limitations period, and (3) the "plaintiff had at all times proceeded in a diligent manner." *Wood v. Elling Corp.*, 572 P.2d 755, 759 (Cal. 1977) (citing *Bollinger v. Nat. Fire Ins. Co.*, 154 P.2d 399 (Cal. 1944)).

Washington, however, has *not* adopted an analogous saving statute. *See Elliott v. Peterson*, 92 Wn.2d 586, 593, 599 P.2d 1282 (1979) (Williams, J., dissenting) ("It is noteworthy that unlike Washington the statutes of some states provide that a second action may be commenced within [one] year of appellate court reversal, other than on the merits, where [e]ither the plaintiff or defendant prevailed at trial"). That is, Washington does *not* permit a plaintiff to refile a second action outside the limitations period *unless* the first judgment was in its favor and was actually *reversed* on appeal. *See* RCW 4.16.240 (providing that where a "judgment . . . for the plaintiff [is] reversed on error or appeal, the plaintiff . . . may commence a new action within one year after reversal").

Nevertheless, a plaintiff who was unsuccessful at both the trial and appellate court levels, like in this case, can still invoke Washington's equitable tolling doctrine; but, again, the following conditions must be present: (1) "justice requires" it, (2) there is "bad faith, deception, or false assurances by the defendant," (3) the plaintiff "exercise[d] . . . reasonable diligence," ***and*** (4) it would be "consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations." *Fowler v. Guerin*, 200 Wn.2d 110, 119, 515 P.3d 502 (2022)

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON 98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

(emphasis added). In that respect, Washington's equitable tolling doctrine is similar to California's doctrine. *Compare id.*, *with Wood*, 572 P.2d at 759.

Accordingly, Plaintiff cannot show that California's saving statute, as interpreted by California courts, is "fundamentally incompatible" with Washington's failure to adopt an analogous statute, particularly in light of Washington's equitable tolling doctrine. Washington law therefore presumptively applies to this case. *See Burnside*, 123 Wn.2d at 100, 104–05 (applying Washington law to implied contract claim between California and California-based employee residing in Washington because California's interest in suit was not "fundamentally incompatible" with Washington law, which presumptively applied).

      B.     *Washington, not California, has the most significant relationships with the subject matter of this case.*

In the event there were an "actual conflict between the law of Washington and the law of another state," which there is not, Washington courts would apply the "most significant relationships" test articulated in the Restatement (Second) Conflict of Laws § 188 (1971). *See Canron, Inc. v. Fed. Ins. Co.*, 82 Wn. App. 480, 492, 918 P.2d 937 (1996). When contract claims are asserted, as here, and "[i]n the absence of an effective choice of law by the parties," "the validity and effect of a contract are governed by the law of the state having the most significant relationship with the contract." *Shanghai Com. Bank Ltd. v. Chang*, 189 Wn.2d 474, 484–85, 404 P.3d 62 (2017). Under Section 188, the "significant relationships" analysis turns on:

- The place of contracting;

- The place of negotiation of the contract;

- The place of performance;

- The location of the subject matter of the contract; and

- The place of incorporation and place of business of the parties.

*Id.* Washington courts apply the "most significant relationship" rules in the tort context as well. *See Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580, 555 P.2d 997 (1976) (enumerating the

DEFENDANT'S MOTION TO DISMISS THE FAC
Case No. 22-CV-1501 JHC - 8

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

factors courts consider in applying the "most significant relationship" rules to tort claims: "the place where the injury occurred," "the place where the conduct causing the injury occurred," the "place of incorporation and place of business of the parties," and "the place where the relationship, if any, between the parties is centered").

Here, it is apparent from the face of the FAC that California has few, if any, "significant relationships" with the purported breach of contract or tortious conduct alleged in this case. The FAC alleges that the *only* meeting that occurred between Plaintiff and Starbucks, which was scheduled at the request of Plaintiff, took place outside of California, in Starbucks New York office. FAC ¶¶ 11–12. According to the FAC, Starbucks never followed up with Plaintiff after the meeting to "discuss the status of the product pitch" that Plaintiff had presented to Starbucks in New York. *Id.* ¶ 13. Nor did Starbucks ever conduct any business in California with Plaintiff. *Id.* ¶¶ 14–17; *see also Canron*, 82 Wn. App. at 493–94 (after concluding that "the parties understood that the contracts covered multiple risks in multiple locations," and that "ministerial acts of negotiating and executing the contracts do not amount to significant contacts" with that state, the court presumed Washington law applied).

Indeed, nearly all of Starbucks actions that allegedly give rise to Plaintiff's claims— including the alleged place of performance, the location of the subject matter of the alleged contract, and the actions that caused Plaintiff's purported injuries—took place in Washington, Starbucks headquarters, not California. FAC ¶¶ 14–17. California courts agree, as both the trial court and the appellate court refused to exercise personal jurisdiction over Starbucks for these very reasons. *See Balmuccino, LLC*, 2022 WL 3643062, at *5 ("The uncontroverted evidence before us is that the [Starbucks] Sip Kit lip glosses, as well as the entire promotion campaign, were created, developed and launched in Washington, not California."). Plaintiff cannot now invoke California's laws based on allegations that it is a California LLC that pitched a joint venture to a Washington company (in one meeting *outside* of California)—particularly after that Washington company *declined* the pitch. *See* FAC ¶¶ 14–17. Plaintiff's allegations are insufficient to satisfy its burden

DEFENDANT'S MOTION TO DISMISS THE FAC
Case No. 22-CV-1501 JHC - 9

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

that California has the "most significant relationship" with the parties or the subject matter at issue. In the absence of any showing that California has a "more significant relationship" with this case than Washington, Washington law presumptively applies.

### 3. Plaintiff's Claims Are Time-Barred.

Plaintiff's claims cannot survive this Motion for the simple reason that this lawsuit was filed nearly *11 months* after the applicable three-year statutes of limitations expired. Although Washington law presumptively applies to the common law claims asserted in the FAC, and their respective limitations periods, the Court will reach the same result regardless of whether it applies Washington or California law.

Washington, California, and federal law, establish three-year limitations periods relevant to Plaintiff's claims for alleged breach of implied-in-fact contract, breach of oral contract, breach of confidence, and statutory trade secret violations, FAC ¶¶ 24–63, as summarized below:

| *Claim* | *Limitations Period* |
|---|---|
| **Claims for breach of implied-in-fact and oral contracts (first and second causes of action)** | **Three years**<br><br>RCW 4.16.080(3) (providing limitations period for "action[s] upon contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument") |
| **Claim for breach of confidence (third cause of action)** | **Three years**<br><br>RCW 4.16.080(2) (providing limitations period for "action[s] for . . . any other injury to the person or rights of another not hereinafter enumerated")[5] |

---

[5] Notably, California law provides an even *shorter* limitations period for these common law claims, including breach of contract claims based on implied or oral contracts, *see* Cal. Civ. Proc. Code § 339 (providing two-year limitations period); and for breach of confidence claims, *see Rokos v. Peck*, 227 Cal. Rptr. 480, 489 (Cal. Ct. App. 1986) (concluding "statute of limitations for either cause of action for breach of implied contracts or cause of action for breach of confidence is identical," two years).

DEFENDANT'S MOTION TO DISMISS THE FAC
Case No. 22-CV-1501 JHC - 10

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

| Violation of California's UTSA (fourth cause of action) | Three years<br><br>Cal. Civ. Code § 3426.6 |
|---|---|
| Violation of the Washington UTSA (fifth cause of action) | Three years<br><br>RCW 19.108.060 |
| Violation of the DTSA (sixth cause of action) | Three years<br><br>18 U.S.C. § 1836(d) |

These statutes clarify that a civil action may not be commenced unless these claims are asserted "within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." RCW 19.108.060; *see also* 18 U.S.C. § 1836(d); Cal. Civ. Code § 3426.6.

Plaintiff alleges that it first discovered Starbucks alleged breach or other wrongful conduct "in 2018," after Starbucks "reached out to one [of Plaintiff's] suppliers" and "request[ed] the creation of prototypes . . . identical to those Plaintiff had given to" Starbucks. *See* FAC ¶ 14. In other words, Plaintiff discovered—or should have discovered through the exercise of reasonable diligence—the purported breach or misappropriation by no later than December 31, 2018, triggering the start of the limitations period. Plaintiff then pleads that it *further* learned of Starbucks alleged wrongdoing in "April 2019," when "Starbucks announced the launch of a kit of four liquid lipsticks/glosses." FAC ¶ 15. Accordingly, Plaintiff was required to assert its claims before the three-year statutes of limitations expired on December 31, 2021—or, at the latest, April 30, 2022.

Plaintiff's initial action, filed in California, was dismissed for lack of personal jurisdiction on July 17, 2020, *Id.* ¶ 19, leaving Plaintiff *17 to 21 months* to refile the action in this Court before the limitations periods expired. Plaintiff did not do so. Instead, Plaintiff appealed the action in California for the next two years; and it then waited two months after that appeal was dismissed, on August 24, 2022, to assert its claims in this Court, on October 21, 2022. *Id.* ¶¶ 20–22. That is,

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON 98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

Plaintiff's action was filed in this Court nearly *11 months* after the December 2021 deadline expired and nearly *seven months* after the April 2022 deadline expired.

Even *after* Plaintiff filed the initial complaint, Plaintiff continued to miss deadlines to amend the complaint as a matter of right. *See* Order (Dkt. # 17). Due to Plaintiff's chronic and egregious delays in filing or amending these claims in this Court, they are now time-barred.

### 4.  Plaintiff is Not Entitled to Equitable Tolling As a Matter of Law.

Plaintiff challenges this failure to timely plead its claims, arguing that the Court should nevertheless toll the applicable limitations periods under the equitable tolling doctrine. FAC ¶¶ 18–23. Neither Washington's tolling statutes, nor its equitable tolling doctrine, can save Plaintiff's claims. The same is true even if the Court applied California or federal common law.

When "a claim is time-barred on its face, the plaintiff must specifically plead facts that would support equitable tolling." *See Bakalian*, 932 F.3d at 1235; *see also Price v. Gonzales*, 4 Wn. App. 2d 67, 75, 419 P.3d 858 (2018) ("The party asserting that equitable tolling should apply bears the burden of proof."). Federal courts sitting in diversity generally apply the forum state's statute of limitations and any applicable tolling rules. *See Bakalian*, 932 F.3d at 1234; *see, e.g.*, *Dimcheff v. Bay Valley Pizza Inc.*, 84 F. App'x 981, at *2 (9th Cir. 2004) (applying California's saving statute and equitable tolling doctrines).

> A.  *Washington's tolling statutes and equitable tolling doctrine do not warrant the requested relief.*

Plaintiff is not entitled statutory or equitable tolling under Washington law. Statutory tolling is permitted in this state only in specific, enumerated circumstances: (1) in cases of fraud or concealment; (2) when a party is absent from the state due to disability, death, war, or military service; (3) when judicial proceedings are stayed or prohibited; or (4) when a judgment for the plaintiff is reversed on appeal. *See* RCW 4.16.170–4.16.240; *see also Dowell Co. v. Gagnon*, 36 Wn. App. 775, 776, 677 P.2d 783 (1984) ("The complaint in the latter action . . . not filed within the statutory period . . . is barred unless a tolling statute . . . controls."). In *Dowell*, the plaintiff

DEFENDANT'S MOTION TO DISMISS THE FAC
Case No. 22-CV-1501 JHC - 12

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

brought suit to recover money due on an account. The trial court concluded that a suit filed by plaintiff ten years earlier against the same defendants and for the same purpose tolled the plaintiff's action. 36 Wn. App. at 775–76. The Washington Court of Appeals reversed, holding that an *existing*, earlier-filed suit did not toll the statute of limitations. The statute of limitations therefore barred the claim in *Dowell*.[6]

On the face of the FAC, none of the tolling statutes apply. *See* FAC ¶¶ 18–23. Plaintiff nevertheless maintains that the applicable statutes of limitations should be tolled by the initial case filed in California. *See id.* ¶ 23. Plaintiff is wrong. Under Washington law, the commencement of one action in a different state does not toll the statute of limitations as to a subsequent action in this state, even as to the same claims and parties. *See* RCW 4.16.170–4.16.240; *Dowell*, 36 Wn. App. at 775. Relevant here, Washington's statute of limitations is tolled by "judicial proceedings" only "[w]hen the commencement of an action is *stayed by injunction or a statutory prohibition*." RCW 4.16.230 (emphasis added). There are no facts alleged in the FAC suggesting that the California action was stayed by injunction or a statutory prohibition (or that Plaintiff even sought such a stay in order to preserve its claims in this Court). *See* FAC ¶¶ 18–23. Washington's tolling statutes simply are inapplicable here.

Nor can Plaintiff rely on Washington's equitable tolling doctrine. As explained in Section III(2)(A) above, a party is entitled to equitable tolling only when (1) "justice requires" it, (2) there is "bad faith, deception, or false assurances by the defendant," (3) the plaintiff "exercise[d] . . . reasonable diligence," ***and*** (4) it would be "consistent with both the purpose of

---

[6] Both the Ninth Circuit and courts in this District have recognized and applied *Dowell* in holding that a prior-filed case does not toll the statute of limitations. *See Blatt v. Deede*, 135 F. App'x 968, 969 (9th Cir. 2005) (citing *Dowell* and affirming dismissal of subsequently filed § 1983 claim because plaintiff's "prior action did not equitably toll the statute of limitations for his current cause of action"); *Masse v. Clark*, No. C06-5375 RBL-KLS, 2007 WL 1468820, at *7 (W.D. Wash. May 18, 2007) (dismissing a second civil rights suit on statute of limitations grounds because, under RCW 4.16.170 and *Dowell*, "the statute of limitations is tolled *only in the action in which the complaint is filed or the summons is served*" and the "tolling provisions of RCW 4.16.170 do not apply to previously filed actions") (emphasis added); *Abear v. Teveliet*, No. C06-5550 RBL, 2006 WL 3813560, at *2 (W.D. Wash. Dec. 21, 2006) (applying *Dowell*'s holding that a timely prior complaint against the same defendants does not toll the statute of limitations under Washington law as to a second action regarding the same subject matter).

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

the statute providing the cause of action and the purpose of the statute of limitations." *Fowler*, 200 Wn.2d at 119. Plaintiff must meet all four requirements to obtain equitable tolling. The equitable tolling doctrine attempts to "balance the equities," while acknowledging the policy behind statutes of limitations: "protection of the defendant, and the courts, from litigation of stale claims where plaintiffs have slept on their rights and evidence may have been lost or witnesses' memories faded." *Douchette v. Bethel Sch. Dist. No. 403*, 117 Wn.2d 805, 812–13, 818 P.2d 1362 (1991) (declining to apply equitable tolling to plaintiff's discrimination claims where three years had elapsed since the events at issue occurred). Courts, therefore, "typically permit equitable tolling to occur only sparingly, and should not extend it to a 'garden variety claim of excusable neglect.'" *Benyaminov v. City of Bellevue*, 144 Wn. App. 755, 760, 183 P.3d 1127 (2008) (citations omitted) (declining to apply equitable tolling for lack of evidence of "bad faith, deception, or false assurances" by the defendant, as required under Washington case law).

Notably absent from the FAC are any allegations that Starbucks somehow deceived or gave "false assurances" to Plaintiff that it could refile this action in Washington, after the limitations period expired, or that Starbucks otherwise acted in "bad faith." For example, Plaintiff does not allege Starbucks unreasonably delayed the California action to prevent Plaintiff from timely refiling the action in this Court. These allegations of deception and bad faith are necessary "*predicates* for equitable tolling." *Price*, 4 Wn. App. 2d at 75 (quoting *Millay v. Cam*, 135 Wn.2d 193, 206, 955 P.2d 791 (1998)) (emphasis added).

Nor can Plaintiff plausibly show it exercised "reasonable diligence" in bringing the instant action. Critically, Plaintiff had *17 to 21 months* to refile its action in this Court after the case was dismissed in California—but Plaintiff *still* missed the deadline to refile by *seven to 11 months*. FAC ¶¶ 18–23. Even after Plaintiff refiled the instant action, Plaintiff continued to miss deadlines for filing necessary amendments to the complaint; and it unreasonably delayed curing its ability to participate in the litigation at all. *See* Order (Dkt. # 17); Cal. SOS Business Search Webpage (Ex. 1

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

to Stoner Decl.) (Dkt. # 14).[7] "In the absence of bad faith on the part of [Starbucks] and reasonable diligence on the part of [Plaintiff], *equity cannot be invoked*." *Douchette*, 117 Wn.2d at 812 (emphasis added); *see, e.g.*, *Price*, 4 Wn. App. 2d at 75 (refusing to apply equitable tolling in the absence of evidence of bad faith by the defendant).

Plaintiff's suggestion that it should not be forced to "simultaneously file[] actions in both California state court and Washington federal court," which would purportedly lead to "absurd results," in likewise unavailing. FAC ¶ 23. Plaintiff affirmatively chose to challenge the trial court's ruling that California courts lacked personal jurisdiction over Starbucks while also delaying the filing of a suit in Washington. *Id.* ¶¶ 19–20. Even assuming Plaintiff reasonably spent more than two years challenging the dismissal of its lawsuit in California, Plaintiff does not explain why it did not timely refile the action in Washington and then seek a stay pending any potential relief in California. Had Plaintiff done so, it would have asserted its claims in Washington before the statute of limitations expired and may have been entitled to rely on statutory tolling. *See* RCW 4.16.230; *see also Douchette*, 117 Wn.2d at 812–13 (equitable tolling is not available to plaintiffs "have slept on their rights").

In the absence of allegations that Starbucks deceptively or falsely misled Plaintiff to believe it could not file its action in Washington before the limitations period expired, and that Plaintiff exercised reasonable diligence in preserving its rights, the Court should not equitably toll the applicable statutes of limitations or permit Plaintiff to assert these untimely claims.

> B. *California's saving statute and equitable tolling doctrine do not warrant the requested relief.*

Even assuming the Court applied California's saving statute or its equitable tolling doctrine, Plaintiff's claims cannot be saved here.

To prevail under such a theory, the FAC must allege that (1) the California trial court erroneously granted the initial nonsuit, (2) Starbucks engaged "dilatory tactics" that "prevented

---

[7] *See supra*, note 4.

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

the disposition of the [California] action in time to permit a second filing" in Washington before the limitations period expired, *and* (3) Plaintiff "had at all times proceeded in a diligent manner." *Wood*, 142 Cal. Rptr. at 759. It is clear from the FAC that *none* of these factors are present. *See* FAC ¶¶ 18–23. Again, Plaintiff had *17 to 21 months* to refile in Washington after the California action was dismissed, yet it still missed the deadline to refile by *seven to 11 months*. *See, e.g.*, *Dimcheff*, 84 F. App'x 981, at *2 (concluding district court did not err in refusing to apply California's saving statute where the plaintiff had more than four months to refile an action after it was dismissed; but he instead waited more than seven months to file a motion to reopen in Michigan and 11 months to refile the action in California). In *Dimcheff*, the Ninth Circuit also explained that equitable tolling is warranted only when "a plaintiff, possessing *several legal remedies*, reasonably and in good faith pursues one designed to lessen the extent of his injuries or damages." *Id.* (citing *Addison v. California*, 578 P.2d 941 (Cal. 1978)). But where, as here, "a plaintiff refiles the *same* claims and seeks equitable relief from the statute of limitations," California's saving statute, and the cases interpreting it, apply. *Id.*

Because Plaintiff has not alleged facts suggesting it is entitled to relief under California's saving statute, and the state's equitable tolling doctrine is not applicable, Plaintiff's claims are time-barred under California law as well.

C.     *The federal equitable tolling doctrine does not warrant the requested relief.*

Plaintiff's arguments for equitable tolling fare no better under federal law. Notably, Plaintiff did not even bring a DTSA claim in the California action—and it filed a DTSA claim in this Court, for the first time, just a couple weeks ago. *See* FAC ¶¶ 59–63.

Regardless, even if the Court applies federal common law here, the U.S. Supreme Court has held that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect"—even when the blame lies with the party's attorney. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90 (1990); *see, e.g.*, *Sager v. McHugh*, 942 F. Supp. 2d 1137, 1144 (W.D. Wash. 2013) (concluding plaintiff's attorney's failure to comply with filing

DEFENDANT'S MOTION TO DISMISS THE FAC
Case No. 22-CV-1501 JHC - 16

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

deadline "falls squarely within what the Supreme Court and Ninth Circuit have termed 'garden variety claim of excusable neglect,' which does not merit equitable tolling").

Nor can Plaintiff rely on its argument that it (or its attorneys) believed in good faith that California courts had personal jurisdiction over Plaintiff's claims, *see* FAC ¶¶ 18–23, as a "mistake of law" does not "constitute an extraordinary circumstance" that warrants equitable tolling. *See, e.g.*, *Datora v. United States*, 522 F. Supp. 3d 823, 828–29 (E.D. Wash. 2021) (declining to apply equitable tolling where, "[o]ver the span of years, multiple agencies and offices *repeatedly* notified [plaintiff] that it did not have jurisdiction over her appeal . . . [y]et, [p]laintiff spent years avoiding judicial review in this Court"). In short, Plaintiff's months' long (and continuing) delays amount to nothing more than a garden variety claim of excusable neglect.

Absent any allegations in the FAC that would support statutory or equitable tolling, Plaintiff's failure to comply with the applicable statutes of limitations warrants the dismissal of all claims for failure to state a claim under Rule 12(b)(6).

### 5. Plaintiff's Breach of Confidence Claim Is Preempted Under the Washington UTSA.

Plaintiff also reasserts its third cause of action, a breach of confidence claim, which is preempted by Washington's adoption of the Washington UTSA. The UTSA is clear: the statute "displaces conflicting tort, restitutionary, and other law[s] of this state pertaining to civil liability for misappropriation of a trade secret." RCW 19.108.900(1). The statute only makes exceptions for claims that are "[c]ontractual or other civil liability or relief that is not based upon misappropriation of a trade secret" or "criminal liability for misappropriation of a trade secret." RCW 19.108.900(2)(a)–(b).[8]

Washington courts likewise recognize that "[w]hile the UTSA does not affect 'contractual or other civil liability or relief that is not based upon misappropriation of trade secret,' it

---

[8] Again, the same is true under California's UTSA. *See* Cal. Civ. Code § 3426.7(b) (enumerating specific statutory and common law claims that are exempted from preemption under the act, but failing to include common law torts).

DEFENDANT'S MOTION TO DISMISS THE FAC
Case No. 22-CV-1501 JHC - 17

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

specifically displaces conflicting tort laws pertaining to trade secret misappropriation." *Ed Nowogroski Ins., Inc. v. Rucker*, 88 Wn. App. 350, 358, 944 P.2d 1093 (1997) (concluding that because plaintiff's "tort claims for misuse of confidential information and intentional interference" was "based on the same acts" as the UTSA claim, the "UTSA displaces them") (quoting RCW 19.108.900); *see also Boeing v. Sierracin*, 108 Wn.2d 38, 48, 738 P.2d 665 (1987) (concluding the Washington UTSA "displaces conflicting tort, restitutionary, and other law regarding civil liability for misappropriation"). More recently, Washington courts have held that the "UTSA preempts liability on the civil claim unless the common law claim is *factually independent* from the UTSA claim." *Thola v. Henschell*, 140 Wn. App. 70, 82, 164 P.3d 524 (2007) (emphasis added).

Here, Plaintiff's factual allegations supporting the common law claim for breach of confidence (the third cause of action) are indistinguishable from those supporting the Washington UTSA claim (the fifth cause of action). *Compare* FAC ¶¶ 42–47, *with id.* ¶¶ 54–58; *see also Thola*, 140 Wn. App. at 82.[9] Moreover, the breach of confidence claim, as alleged in the FAC, sounds in *tort* liability—not contract liability. *See Rucker*, 88 Wn. App. at 358; *cf. Pac. Aerospace & Elecs., Inc. v. Taylor*, 295 F. Supp. 2d 1205, 1212 (E.D. Wash. 2003) (concluding UTSA preemption "should be limited to tort liability and not be extended to cover contract liability"). For example, the FAC asserts Plaintiff is entitled to recovery of *punitive* damages on the breach of confidence claim under Section 3294 of the California Civil Code,[10] based on alleged "malice" by Starbucks and "conscious disregard for Plaintiff's rights and pecuniary well-being." *See* FAC ¶ 47. Indeed, Plaintiff can only recover punitive damages under Section 3294 for tortious conduct, as it is expressly barred from recovering damages for the breach of obligations "arising from contract."

---

[9] These supporting allegations are also indistinguishable from those supporting the claim brought under California's UTSA, *see* FAC ¶¶ 48–53, and would therefore be preempted under California law as well. *See* Cal. Civ. Code § 3426.7(b); *Coast Hematology-Oncology Assocs. Med. Grp. v. Long Beach Mem. Med. Ctr.*, 272 Cal. Rptr. 3d 715, 731 (Cal. Ct. App. 2020) ("California's trade secret statute displaces claims for unfair competition based on the same nucleus of facts as a trade secrets claim.").

[10] In the FAC, Plaintiff erroneously cites to Section 3294 of the California *Code of Civil Procedure*. *See* FAC ¶ 47. The relevant provision, however, is found under the California *Civil Code*.

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON 98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

Cal. Civ. Code § 3294(a) (emphasis added). In light of the FAC's factual allegations supporting Plaintiff's breach of confidence claim, and the requested relief, Plaintiff undeniably brings this claim as a *tort* claim (not a contract claim).

The breach of confidence claim is therefore preempted by the UTSA (as adopted by Washington and California) and should be dismissed.

### 6.    Granting Plaintiff Leave To Amend the FAC (Again) Would Be Futile.

When an amendment to the complaint "would be futile," the Court "does not err in denying leave to amend." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Because Plaintiff's claims are barred by the relevant statutes of limitations, and there are no plausible allegations in support of applying equitable tolling, the FAC's deficiencies cannot be cured by amendment. *See, e.g.*, *Jablon*, 614 F.2d at 682–83 (affirming district court's Rule 12(b)(6) dismissal and concluding the "court properly found that the statute of limitations barred" plaintiff's action). Likewise, Plaintiff's preempted claim for breach of confidence cannot be cured by amendment. *See, e.g.*, *Rucker*, 88 Wn. App. at 358 (affirming trial court's dismissal of tort claims on summary judgment, concluding "liability and damages [were] governed exclusively by the UTSA").

In addition to these futility considerations, the Court may also consider Plaintiff's "repeated failure to cure deficiencies by amendments previously allowed" and "undue prejudice to [Starbucks] by virtue of allowance of the amendment." *CyWee Grp. Ltd. v. HTC Corp.*, 312 F. Supp. 3d 974, 981 (W.D. Wash. 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As discussed above, Plaintiff's delays have continued even *after* the instant action was filed. *See, e.g.*, Order (Dkt. # 17) (concluding Plaintiff missed the deadline to file the FAC as a matter of right); Cal. SOS Business Search Webpage (Ex. 1 to Stoner Decl.) (Dkt. # 14) (showing Plaintiff failed to cure its suspended LLC status for several months after filing its initial complaint in this Court,

DEFENDANT'S MOTION TO DISMISS THE FAC
Case No. 22-CV-1501 JHC - 19

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

precluding it from participating in this litigation).[11] Starbucks is also prejudiced by the fact that *four to five years* have elapsed since the events at issue occurred, meaning "[w]itnesses may no longer be available, memories have faded, and relevant evidence may no longer be obtainable." *See Douchette*, 117 Wn.2d at 813 (finding the passing of *three years* would prejudice defendant).

Accordingly, the Court need not grant any request for leave to amend, yet again, before dismissing Plaintiff's claims with prejudice.

### 7. Plaintiff's Claim for Punitive Damages Should be Stricken under Rule 12(f) or Otherwise Dismissed.

Starbucks also moves, under Rule 12(f), to strike from the FAC Plaintiff's claim for punitive damages as a result of Starbucks alleged tortious conduct. *See* FAC ¶¶ 47, 53, 58; § VII(7). Rule 12(f) "avoid[s] the expenditure of time and money that arise from litigating spurious issues by dispensing with those issues prior to trial." *Wittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Under Rule 12(f), courts may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although motions to strike are disfavored if they are used as a "delaying tactic" or to avoid "resolution on the merits," such motions are routinely granted by this Court when the grounds set forth in Rule 12(f) are present. *See, e.g.*, *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132, 1135 (W.D. Wash. 2018) (striking material from the pleadings as "redundant").

In requesting punitive damages, Plaintiff principally relies on Sections 3426.3 and 3294 of the California Civil Code. *See* FAC ¶¶ 47, 53. For the reasons discussed in Section III(2) above, California law does not apply to this diversity case—Washington law applies—and Washington courts "ha[ve] consistently disapproved punitive damages as contrary to public policy." *Dailey*, 129 Wn.2d at 574 (explaining that punitive damages "not only impose . . . a penalty reserved for criminal sanctions, but also award a plaintiff with a windfall beyond full compensation").

---

[11] *See supra*, note 4.

DEFENDANT'S MOTION TO DISMISS THE FAC
Case No. 22-CV-1501 JHC - 20

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Although the UTSA allows for "exemplary damages" for trade secret misappropriations,[12] the Court may only award such damages if the misappropriation was "willful and malicious." RCW 19.108.030(2). Here, Plaintiff has failed to allege any *facts* supporting its conclusory assertion that Starbucks misappropriation was "willful and malicious." FAC ¶ 58 (citing RCW 19.108.030(2)). The Court need not credit Plaintiff's "legal conclusions cast in the form of factual allegations," which "cannot be reasonably drawn from the facts alleged." *Clegg*, 18 F.3d at 754–55; *see Rucker*, 88 Wn. App. at 360 (affirming trial court's refusal to award exemplary damages for "willful and malicious misappropriation").

Even assuming California law applies, Section 3294 of the California Civil Code provides that punitive damages are available only in non-contract cases, in which it is proven by "clear and convincing evidence that defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294 (emphasis added). Likewise, Section 3426.3 (the California UTSA) provides that "exemplary damages" are available only if the misappropriation was "willful and malicious." Cal. Civ. Code § 3426.3(c). The FAC altogether lacks allegations of "fraud" or "oppression" by Starbucks. Again, although the FAC references Starbucks purported "willful and malicious" conduct, FAC ¶¶ 47, 53, 58, these are mere legal conclusions disguised as factual allegations. *Clegg*, 18 F.3d at 754–55. They do not plausibly allege that Plaintiff is entitled to punitive damages under these California statutes, let alone under Section 3294's "clear and convincing" standard.

Because Plaintiff's request for punitive damages is not recognized under Washington or California law, such allegations are "immaterial" and "impertinent." *See* Fed. R. Civ. P. 12(f). The Court should therefore strike or dismiss the improper claim for punitive damages. *See* FAC ¶¶ 47, 53, 58 and § VII(7).

---

[12] Starbucks notes that Plaintiff has altogether failed to allege facts in support of any "actual loss" suffered as a result of Starbucks allegedly acquiring knowledge of its trade secrets. *See, e.g.*, FAC ¶¶ 56–58; *see also* RCW 19.108.030(1).

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## IV.   CONCLUSION

Absent any allegations in the FAC that could plausibly support tolling the applicable statutes of limitations, Starbucks respectfully requests that the Court **grant** this Motion and **dismiss** all of Plaintiff's claims, *with prejudice*, on the ground that Plaintiff's claims are time-barred. Plaintiff's third cause of action, a breach of confidence claim, should also be dismissed, *with prejudice*, as preempted under the UTSA.

Starbucks alternatively requests that the Court **strike** or otherwise dismiss Plaintiff's improper request for punitive damages.

DATED this 23rd day of March, 2023.

K&L GATES LLP

By:  _s/ Shelby R. Stoner_
    Pallavi Mehta Wahi, WSBA # 32799
    Christopher M. Wyant, WSBA # 35561
    Shelby R. Stoner, WSBA # 52837

925 Fourth Avenue, Suite 2900
Seattle, Washington  98104-1158
Tel: +1 206 623 7580
Fax: +1 206 623 7022
Email: pallavi.wahi@klgates.com
       chris.wyant@klgates.com
       shelby.stoner@klgates.com

*Attorneys for Defendant*
*Starbucks Corporation*

I certify that this memorandum contains 7,712 words, in compliance with LCR 7(e)(3).

DEFENDANT'S MOTION TO DISMISS THE FAC
Case No. 22-CV-1501 JHC - 22

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022