The Hon. John H. Chun

In The United States District Court
For The Western District Of Washington

Balmuccino, LLC, a California limited liability company,

      *Plaintiff*,

  v.

Starbucks Corporation, a Washington corporation;

      *Defendant*.

No. 2:22-cv-1501-JHC

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENEDED COMPLAINT

NOTE ON MOTION CALENDAR: April 14, 2023

Plaintiff's Opposition To Defendant's Motion To Dismiss
The First Amended Complaint - 1

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

I. Introduction.

On March 9, 2023, Plaintiff Balmuccino, LLC ("Plaintiff" or "Balmuccino"), a California entity, filed its First Amended Complaint ("FAC"), which Defendant Starbucks Corporation ("Defendant" or "Starbucks"), a Washington entity, now moves to dismiss on statute of limitations grounds. Alternatively, Defendant moves to dismiss Plaintiff's breach of confidence allegations on preemption grounds and also moves to strike Balmuccino's request for punitive/exemplary damages. As argued below, this case is not only viable as to each and all of its claims and requested damages, but Plaintiff should prevail on any conflict of law issues, despite Starbucks's conclusion to the contrary. Defendant's Motion to Dismiss the FAC ("Motion") should be denied in its entirety, especially given the law's liberal preference for permitting litigants their day in court.

II. Argument.

The parties agree that when, as here, a motion to dismiss is based on the running of the statute of limitations, it can only be granted, when the allegations in a complaint are "read with the required liberality," and when such a liberal reading would still not permit the plaintiff to "prove that the statute was tolled." Cited in *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("*Supermail*"); *Figueroa v. BNSF Ry. Co.*, 275 F. Supp. 3d 1225, 1227 (E.D. Wash. 2017) ("*Figueroa*").[1] As the Ninth Circuit has found, a complaint is viable 'unless it appears beyond doubt' that plaintiff can advance no set of facts capable of establishing that a claim is timely. *Supermail*, *supra*, 68 F.3d at 1207. Here, Washington law tolls the running of the limitations period once the case was originally filed in California state court. See RCW 4.16.170. This was true as well under the principals of equitable tolling in effect in both California and Washington district court when the lawsuit was originally filed. See, *Figueroa*, *supra*, at 275 F. Supp. 3d 1227. However, to the extent the requisites for equitable tolling differ in Washington and California, there is a conflict of law which should be resolved in Balmuccino's favor. This is true as well under the "most

---

[1] Defendant acknowledges that "the facts alleged are true for purposes of [its] Motion." (Motion 8:4-5.)

Plaintiff's Opposition To Defendant's Motion To Dismiss
The First Amended Complaint - 2

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

significant relationship" test, as to any conflict of law on whether a breach of confidence cause of action can be had.

Finally, pursuant to statute in both California and Washington, punitive/exemplary damages are available for the UTSA and DTSA causes of action. Plaintiff maintains that a breach of confidence claim is also viable and that California law applies as to any award of punitive damages.

**A. Facts Alleged In The FAC Must Be Assumed To Be True[2]**

In the Court's consideration of a motion to dismiss, "all material allegations of the complaint as well as reasonable inferences must be accepted as true"; further, a motion to dismiss "may not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts entitling the plaintiff to relief." *AT & T Corp. v. Walker*, No. C04-5709FDB, 2006 WL 2927659, at *1 (W.D. Wash. Oct. 12, 2006). Further, even when dismissal may be appropriate, "leave to amend should be granted unless the pleading cannot possibly be cured by allegation of other facts." (*Id*.) Similarly, equitable tolling of the statute of limitations, when adequately delineated, will defeat a motion to dismiss part or all of a complaint. (See, *id*., at *2.) Hence, the law favors permitting Plaintiff to have its day in court.

Here, the FAC provides as follows: Plaintiff sued Defendant in the state of California where Balmuccino was doing business as a limited liability company (FAC, ¶ 1) and where Starbucks had just under 10% of its total worldwide retail stores located. (FAC, ¶¶ 2, 19.) In or about 2016, Plaintiff's managing members began developing a line of coffee-flavored lip balms, for which it sought out a joint venture partnership. (FAC, ¶¶ 6-7.) Through a family connection of one of Balmuccino's principals that led to Starbucks CEO, Howard Schultz, Starbucks invited Plaintiff's principals to meet with the Defendant's Head of Product Development and Senior Vice President,

---

[2]Defendant notes that Plaintiff's LLC status had lapsed when the lawsuit was refiled in federal court. It was, however, revived on February 28, 2023 before the filing of the Motion to File a First Amended Complaint. Declaration of Eduardo Martorell ("Martorell Decl."), ¶ 2. Starbucks admits it did not object to the filing of the FAC on standing or any other grounds. As Defendant concedes, "Starbucks did not oppose the filing of the FAC; and the Court therefore granted Plaintiff's unopposed request to file it." *Id*, at ¶ 3; Motion, at 11:8-9.

Plaintiff's Opposition To Defendant's Motion To Dismiss
The First Amended Complaint - 3

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Mesh Gelman. (FAC, ¶¶ 8-9.) On October 19, 2017, a meeting took place in New York with Gelman and four members of the Balmuccino team, including its lead chemist and product manufacturer ("Meeting"). (¶ 10.) Gelman's assistant took copious notes about Balmuccino's concepts and products which had taken Plaintiff two years to develop. (FAC, ¶ 12.) During this meeting, Gelman refused to enter into a Non-Disclosure Agreement, instead assuring the parties that CEO Howard Schultz's involvement should give them the confidence they sought. (FAC, ¶ 11.)

In 2018, Plaintiff learned Defendant had contacted one of its suppliers to request the creation of prototypes for Starbucks-branded lip balms and cases. (FAC, ¶ 14.) The prototype specifications received by the potential manufacturer were identical to those Plaintiff had given Mr. Gelman during the October 19, 2017 meeting. (*Id.*) In approximately April 2019, Starbucks announced the launch of a kit of four liquid lipsticks/glosses called, "The S'mores Frappuccino Sip Kit" ("Sip Kit"). The Sip Kit was created to celebrate the return of Starbucks's S'mores Frappuccino. (FAC, ¶ 15.) That promotion reached California where nearly ten percent of Starbucks's retail stores are sited and where the Balmuccino team resided and operated. (*Id.*) This was after Plaintiff had delivered a fully-realized product concept to Defendant in a branded, pocketable lip balm delivery mechanism, along with fully formulated samples that smelled and tasted like the flavors of Defendant's beverages. (FAC, ¶ 16.) That is, the product which California residents had developed for a California company was allegedly being used by a company which had significant retail business in California.

Thereafter, Plaintiff timely filed suit against Starbucks on October 18, 2019 in California's Superior Court for the County of Los Angeles. (FAC, ¶ 18.) The connections with California were alleged as follows: (1) Starbucks had declared under oath that over 9% of its retail stores were in California; (2) Plaintiff was a California entity; (3) Plaintiff's four principals were California residents when suit was filed; (4) substantially all product research and development occurred in California; (5) the vast majority of communications by Plaintiff with Defendant flowed from and to California; and, (6) all four principals of Balmuccino traveled from California for their single

Plaintiff's Opposition To Defendant's Motion To Dismiss
The First Amended Complaint - 4

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

meeting with Defendant in New York. (FAC, ¶ 19.) Nevertheless, the California Superior Court found it lacked personal jurisdiction over Defendant and entered a Notice of Entry of Dismissal on July 17, 2020. *Id*.

After the state superior court found that personal jurisdiction was lacking over Starbucks, Balmuccino timely appealed that ruling in September 2020. (FAC, ¶ 20.) Nearly two years later, on August 24, 2022, the Court of Appeal affirmed the Superior Court's dismissal of the case, the remittitur for which issued on October 26, 2022. (FAC, ¶ 21.) Five days ***before*** the remittitur issued, on October 21, 2022, Plaintiff refiled the case in federal court.[3] (FAC, ¶ 22.)

Thus, from October 18, 2019 to the present, Plaintiff has consistently had an active action against Defendant. In other words, Starbucks has not experienced any gaps in which it did not have an active lawsuit against it from October 18, 2019. Furthermore, Plaintiff's evidence has remained unchanged through and including the appellate process. (FAC, ¶ 23.) As such, Defendant has continually had timely notice of Plaintiff's factual claims throughout the litigation up through the time Plaintiff refiled its case in federal court on October 21, 2022. (FAC. ¶¶ 22-23.) It makes no sense for Starbucks to argue that "Plaintiff's initial complaint was filed in this Court nearly 11 months after the applicable three-year limitations period expired" (Dckt. 27 at 1:5-6), when it was filed in October 2019, ***less than*** two years after the Meeting took place and mere months after the misappropriation occurred. The fact that the case has changed venues from California to Washington does not affect the statute of limitations.

---

[3] Starbucks misleads by noting: "Nearly two months later, on October 21, 2022, Plaintiff refiled its complaint against Starbucks in this Court." (Dckt. 27 at 4:11-12.) The Court of Appeals maintained jurisdiction until it filed a remittitur, on October 26, 2022. (*See* FAC, ¶ 21; *see also* Docket in *Balmuccino, LLC v. Starbucks Corp., No. B308344 (Cal. Ct. App.)*.) "A remittitur is a document that terminates the Court of Appeal's jurisdiction over a case. A remittitur also says if any party is eligible to get reimbursed for some or all of their costs in the appeal." (https://selfhelp.appellate.courts.ca.gov/appeals-timeline/remittitur/#:~:text=A%20remittitur%20is%20a%20document,back%20to%20the%20trial%20court.)

Plaintiff's Opposition To Defendant's Motion To Dismiss The First Amended Complaint - 5

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

### B. The Summons and Complaint Were Timely Filed Pursuant to Washington State Law, Tolling The Running of the Statute of Limitations.

In diversity actions, federal courts generally look to state statutes as to the commencement and tolling of statutes of limitations. *Miles v. Shanghai Zhenhua Port Mach. Co., Ltd.*, No. C08-5743 FDB, 2009 WL 5067513, at *2–3 (W.D. Wash. Dec. 17, 2009) (citing to *Walker v. Armco Steel Corp.*, 446 U.S. 740, 745–46 (1980); *Lindley v. General Elec. Co.*, 780 F.2d 797, 799–801 (9th Cir.1986). Under Washington state law, RCW 4.16.170 establishes when and under what circumstances statutes of limitations are tolled. That statute provides as follows:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service.

Here, Plaintiff originally filed suit in a superior court in California, the state where its operations were located, including where substantially all of the research on the products at issue was developed. (FAC, ¶¶ 19.) Indeed, with the exception of the Meeting in New York, all of the multiple and repeated communications between Balmuccino's and Starbucks's personnel were directed from or to California. (*Id.*) Pursuant to RCW 4.16.170, the timely filing of a complaint, coupled, as here, with the timely service of summons, tolls the running of the statute of limitations as of the date of filing, on October 18, 2019.

This makes perfect sense and comports with the California Supreme Court's recognition that it knew of no policy reason that "would require plaintiffs to file simultaneously two separate actions based on the same facts in both state and federal courts since 'duplicative proceedings are surely inefficient, awkward and laborious.'" *Addison v, State of California*, 21 Cal.3d 313, 319 (1978) ("*Addison*") citing *Elkins v. Derby*, 12 Cal.3d 410, 420 (1974). Thus, the filing of an action in the wrong court will toll the statute of limitations for . . . a subsequent action promptly refiled in the correct court." 1 Cal. Affirmative Defenses 2d Statute of Limitations, § 25:70 (2022). This follows from the fact there is usually no viable claim of prejudice when a defendant has already obtained

Plaintiff's Opposition To Defendant's Motion To Dismiss
The First Amended Complaint - 6

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

knowledge of a claim after service of the initial lawsuit and can, as Starbucks did here, take protective steps. *Id.*

**C. A Conflict Of Law Exists As To Whether Equitable Tolling Is Warranted Under The Facts Alleged In The Complaint.**

Despite RCW 4.16.170, Starbucks argues that absent equitable tolling, a three-year limitations period applies to Balmuccino's various causes of action, whether stated under California or Washington law. (Motion 16:4-17:11.) Defendant acknowledges that "a plaintiff who was unsuccessful at both the trial and appellate court levels . . . can still invoke Washington's equitable tolling doctrine," assuming certain conditions are met. (Motion 13:20-22.) As one Washington district court has noted, "[t]he equitable tolling doctrine 'enables courts to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices.' *Figueroa*, *supra*, 275 F. Supp. 3d at 1227 (quoting, *Holland v. Florida*, 560 U.S. 631, 650 (2010)—quotations and citation omitted.)

Under California's longstanding standard for equitable tolling, all that need be established is "timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1133 (9th Cir. 2001), quoting *Addison v. State of California,* 21 Cal.3d 313, 319 (1978). Moreover, until recently, many federal courts in Washington state adopted a similar standard such that the party seeking equitable tolling needed to establish only two elements: "(1) that [plaintiff] ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[4] *Figueroa*, *supra*, 275 F. Supp. 3d at 1228 (quoting, *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (quotation and citation omitted.)

More particularly, several district courts in Washington previously held that a suit that was dismissed for an absence of personal jurisdiction could toll the statute of limitations. Illustratively, in *Abeyta v.* BNSF Ry Co., No. 2:17-CV-0350-TOR, 2018 WL 327283, at *1 (E.D. Wash. Jan. 8,

---

[4] As referenced, this same two-prong test has been adopted by the U.S. Supreme Court. (E.g. *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012); *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

Plaintiff's Opposition To Defendant's Motion To Dismiss The First Amended Complaint - 7

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  2018) ("*Abeyta*"), the court extended the limitations period by equitable tolling on the ground, in
2  part, that the "policy of repose, designed to protect defendants, is frequently outweighed . . . where
3  the interests of justice require vindication of the plaintiff's rights." (Quoting *Burnett v. New York*
4  *R.R. Co.*, 380 U.S. 424, 428 (1965) ("*Burnett*")—extending equitable tolling to a state action
5  dismissed for improper venue, but that was subsequently filed in the proper court after the
6  limitations period had run.) As the Western District of Washington has also noted, although
7  generally applied sparingly, equitable tolling does apply "in situations where a claimant has (1)
8  diligently pursued judicial remedies, such as filing a complaint in the wrong court, **or** (2) been
9  induced or tricked by an adversary's misconduct into allowing the filing deadline to pass." *Nelson*
10 *v. United States*, No. C05-643JLR, 2005 WL 1838620, at *2 (W.D. Wash. Aug. 1, 2005); emphasis
11 added.

12         Here, even absent the tolling provisions of RCW 4.16.170 discussed above, it is
13 disingenuous for Starbucks to argue that Balmuccino unduly sat on its rights while awaiting the
14 outcome of an appeal on whether the California state courts had personal jurisdiction over
15 Defendant. Had that appeal succeeded, there would have been no reason to refile suit in the federal
16 district court. Moreover, the decision in the *Fowler v. Guerin*, 200 Wn2d 110, 119 (2022)
17 ("*Fowler*") case, which issued less than a year ago, certainly was not on Balmuccino's radar nearly
18 three years prior when it filed suit against Starbucks in October 2019. Now, of course, *Fowler*
19 imposes a four-fold test for equitable tolling, which includes concerns for the plaintiff's diligence,
20 the requisites of justice and the purpose of the limitations period, as well a bad faith, false
21 assurances, or deception on defendant's part. *Id*., at 112. Before *Fowler*, however, and as suggested
22 above, many courts, including some out of the federal courts of Washington had advanced a much
23 simpler test for equitable estoppel to apply—one that did not require bad acts on a defendant's
24 part.

25         Plaintiff maintains that *Fowler's* "bad actor" requirement should not be retroactively
26 applied here to the issue of equitable tolling and that to the extent there is a conflict of law on this
27 issue, California law should be followed. That is because the most significant relationships between

Plaintiff's Opposition To Defendant's Motion To Dismiss
The First Amended Complaint - 8

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  the parties on both its contract and the tort-related claims are centered more in California than in
2  Washington. See *Garza v. Nat'l R.R. Passenger Corp.,* 418 F. Supp. 3d 644, 650 (W.D. Wash. 2019)
3  ("*Garza*"). In Starbucks's analysis of Balmuccino's breach of implied in fact contract and breach
4  of oral contract claims, as with the tort-related claims reviewed below, the damages accrued in
5  California where Starbucks, in part, ran its Sip Kit promotion. It is beyond dispute that Starbucks
6  has a sizable retail presence in California and that the promotion was meant to drive business to
7  those outlets.

8        With respect to the contract-related claims, Starbucks lists five items as constituting the
9  significant relationships, pursuant to the Restatement (Second) Conflict of Laws § 188 (1971), as
10 delineated in *Canron, Inc., v. Fed. Ins. Co.*, 82 Wn App. 480, 492 (1996); *Shanghai Com. Bank Ltd.*
11 *v. Chang*, 189 Wn2d 474, 484-85. (Motion 14:12-23.) Those items are (a) place of contracting; (b)
12 place of contract negotiations; (c) place of performance; (d) location of the contract's subject
13 matter and (e) the place of incorporation and place of business of the parties.

14       As alleged, at all times relevant here, Balmuccino was a California limited liability company
15 doing business in California. Starbucks is a Washington corporation which conducts significant
16 business in California, where all contacts with the two parties occurred before the pitch meeting.
17 While that Meeting occurred in New York, the research and development for the products pitched
18 at the Meeting derived from Balmuccino's California operations. Clearly, Balmuccino anticipated
19 that a joint venture with Starbucks would be to the benefit of Balmuccino's operations in Los
20 Angeles. Indeed, Starbucks had a disproportionately high number of its retail operations in
21 California, so that it could reasonably be anticipated that Balmuccino's California company would
22 realize the benefits of partnering with Starbucks in California.

23       Moreover, in applying the "most significant relationship" test to Plaintiff's
24 misappropriation-related tort claims, Defendant recognizes that the following elements are to be
25 considered: (a) "the place where the injury occurred"; (b) "the place where the conduct causing
26 the injury occurred," (c) the "place of incorporation and place of business of the parties," and (d)
27

Plaintiff's Opposition To Defendant's Motion To Dismiss       Ard Law Group PLLC
The First Amended Complaint - 9
P.O. Box 11633
*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  "the place where the relationship, if any . . . is centered." See *Johnson v. Spider Staging Corp.*, 87
2  Wn.2d 577, 580 (1976), cited in Motion 14:24-15:4.

Starbuck's Motion provides sparse analysis of the tort claims for trade secret misappropriation, no doubt because Starbucks is hard-pressed to show that the harm at issue favors Washington law applying. First, Balmuccino maintains that it had no claim for damages until the Sip Kit promotion reached California and it was clear that Starbucks had misappropriated its research and development of lip balm-related products. Plaintiff's operations in California, where it is licensed as an LLC, is where Plaintiff suffered financial harm and where the conduct causing that harm occurred. It is also where the relationship with the parties developed and where all communications with Balmuccino occurred, with the one exception of the New York meeting.[5]

Even assuming arguendo that the contacts between Balmuccino and Starbucks were evenly balanced, the most significant relationship test then looks to the policies and governmental interests of the concerned states. (Id.) As a matter of policy, the state of California has a "'legitimate and compelling interest in preserving a business climate free of . . . deceptive practices.'" *West Corp. v. Superior Court* (2004) 116 Cal.App.4th 1167, 1180. More particularly, California has a strong interest in protecting its resident businesses from trade secret thefts. The significant relationship test favors a finding that California law applies.

**D. A Conflict of Law Exists on Plaintiff' Breach of Confidence Claim.**

Balmuccino's breach of confidence claim is viable under California law, while Starbucks maintains that such claims are preempted by Washington's adoption of the UTSA. If so, a conflict of law exists, because California courts recognize the tort of breach of confidence. (*See, e.g.*, *Huynh v. Quora, Inc.*, No. 18-CV-07597-BLF, 2019 WL 11502875, at *8 (N.D. Cal. Dec. 19, 2019); *Berkla v. Corel Corp.*, 302 F.3d 909, 917 (9th Cir. 2002 ("*Berkla*")[6]; *Faris v. Enberg*, 97 Cal.App.3d 309,

---

[5] Plaintiff acknowledges the importance of the pitch meeting, which occurred at a situs of Defendant's choosing. However, there was no evidence of actual misappropriation and misuse of Plaintiff's intellectual property until the Sip Kit promotion in California came to Plaintiff's attention.

[6] To prevail on an alleged breach of confidence, California law requires that: (1) confidential and novel information was conveyed to defendant; (2) defendant knew it had been conveyed confidentially; (3) the parties understood the confidence was to be maintained; and (4) there was a disclosure or use that violated

Plaintiff's Opposition To Defendant's Motion To Dismiss
The First Amended Complaint - 10

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

321 (1979); *Fink v. Goodson-Todman Enterprises, Ltd.*, 9 Cal. App. 3d 996, 1010 (1970) ("*Fink*")). This tort derives from an understanding that the parties shared confidential information which was to be kept confidential, such that it would not be disclosed or misappropriated. *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1226-27 (9th Cir. 1997) ("*Ent. Rsch*"). This obligation of confidentiality is "created by law for reasons of justice." *Fink*, *supra*, 9 Cal. App. 3d at 1010. As with other California torts, when commission of a tort is oppressive, fraudulent or malicious, punitive damages are available. (Code Civ., § 3294.)

**E. Punitive/Exemplary Damages Are Available On Any Misappropriation, UTSA or DTSA Claim**

As noted above, under California law, a breach of confidence may trigger an award of punitive damages. (Code Civ., § 3294.) Even assuming that a breach of confidence claim is subsumed by UTSA under California or Washington law, however, punitive/exemplary damages are still available. California's UTSA provision states that "[i]f willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award [for the actual loss caused by misappropriation or other unjust enrichment]." Civ. Code, § 3426.3. Washington law similarly provides that "[i]f wilful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subsection 1." RCW 19.108.030(2) (providing recovery for actual damages and for unjust enrichment not included in such recovery.)

This formula for trade secret violations also exists for Plaintiff's DTSA cause of action. "[I]f the trade secret is willfully and maliciously misappropriated, award of exemplary damages" is available for up to twice "the amount of the damages awarded" for "actual loss caused by the misappropriation of the trade secret"; and "damages for any unjust enrichment" not included in a computation of damages of actual loss may be awarded." 18 U.S.C. § 1836.

---

the parties' understanding. *Berkla, supra*, 302 F.3d at 917, citing *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc*. 122 F.3d 1211, 1226-27 (9th Cir. 1997.)

Plaintiff's Opposition To Defendant's Motion To Dismiss  
The First Amended Complaint - 11

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC

Ard Law Group PLLC  
P.O. Box 11633  
Bainbridge Island, WA 98110  
Phone: (206) 701-9243

Whether under California or under Washington law, Defendant is simply wrong in concluding that "punitive damages are not recognized under Washington or California law." (Motion 27:19-22.) Moreover, just as with substantive causes of action, Washington courts apply choice of law principles, if needed, to the issue of punitive damages. (*Garza*, *supra*, 418 F. Supp. 3d at 650–51; *Barr v. Interbay Citizens Bank of Tampa, Fla.*, 96 Wash.2d 692, 697-698 (1981)). The question remains whether California or Washington has the more significant relationship to the issue. The Court weighs where the injury occurred, where the conduct causing the injury occurred, the state of incorporation and place of business of the parties, and where the relationship, if any, between the parties was centered. (*Garza*, *supra*, 418 F. Supp. 3d at 650–51; *Singh v. Edwards Lifesciences Corp.,* 151 Wash. App. 137, 143 (2009).) Plaintiff suffered injury in California, where Starbucks's in-state outlets were targeted as part of Starbucks's Sip Kit promotion, only after representatives of Balmuccino and Starbuck exchanged communications in California that led to the New York pitch meeting where the details of Balmuccino's research and development of lip balm products in California was disclosed. Were any conflict of law analysis needed on the issue of exemplary damages, Balmuccino the more significant relationships to the development of the products at issue and the situs of the damage that grew out of misappropriation of its products were centered in California. Should the Court find a conflict, California punitive/exemplary damages law should apply to Plaintiff's tort causes of action.

**F. It is Premature for the Court to Bar Further Amendment.**

When a motion to dismiss is founded on the running of the applicable limitations period, it should only be granted when a liberal reading of the operative complaint would not permit finding that the statute was tolled. *Supermail*, *supra*, 68 F.3d at 1206; *Figueroa*, *supra*, 275 F. Supp. 3d at 1227. No such reading is warranted here, and Starbucks provides no other substantive ground for dismissal at this juncture of the case. There are no grounds for the Court to deny further amendment of the Complaint on grounds of futility, and the potential for further amendment of the Complaint should not be foreclosed.

Plaintiff's Opposition To Defendant's Motion To Dismiss
The First Amended Complaint - 12

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

### III. Conclusion.

Defendant's Motion to Dismiss should be denied.

///

///

///

I certify that this memorandum contains 4,196 words, in compliance with the Local Civil Rules.

Dated: April 10, 2023

**Ard Law Group PLLC**

By: /s/ Joel B. Ard
Joel B. Ard, WSBA #40104
PO Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law
Attorney for Plaintiff

**MARTORELL LAW APC**

By: */s/ Eduardo Martorell*
Eduardo Martorell, CSBN #240027
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
323.840.1200
Emartorell@Martorell-Law.com
Attorney for Plaintiff

Plaintiff's Opposition To Defendant's Motion To Dismiss The First Amended Complaint - 13

*Balmuccino v. Starbucks*, No. 2:22-cv-1501-JHC

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243