Honorable John H. Chun
Noting Date: April 14, 2023

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

BALMUCCINO, LLC, a California limited liability company,

    Plaintiff,

v.

STARBUCKS CORPORATION, a Washington corporation,

    Defendant.

Case No. 22-cv-1501 JHC

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON 98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | REQUESTED RELIEF | 1 |
| II. | ARGUMENT | 2 |
| | 1. Washington's Statutes of Limitations and Tolling Laws Apply Unless Inconsistent with Federal Law. | 2 |
| | 2. As To All Other Issues, Washington Law Presumptively Applies Absent Conflict Between Washington and California Law and Significant Relationships with California. | 4 |
| |    A. No conflicts exist between Washington and California law. | 4 |
| |    B. California's relationship to this case is not more significant than Washington's. | 6 |
| | 3. Plaintiff's Complaint Was Not "Timely Filed" In This Court Or Tolled Under RCW 4.16.170. | 7 |
| | 4. Plaintiff is Not Entitled to Equitable Tolling. | 8 |
| |    A. Plaintiff effectively concedes that Washington's equitable tolling doctrine does not warrant relief. | 9 |
| |    B. California's equitable tolling doctrine does not warrant relief. | 9 |
| | 5. Plaintiff Concedes that Its Breach of Confidence Claim Is Preempted Under the Washington UTSA. | 11 |
| | 6. Granting Plaintiff Leave To Amend Would Be Futile. | 11 |
| | 7. Plaintiff's Claim for Punitive Damages Should Be Stricken under Rule 12(f) or Otherwise Dismissed. | 12 |
| III. | CONCLUSION | 12 |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NUMBER 22-CV-1501 JHC - i

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abeyta v. BNSF Ry. Co.*,
    No. 17-cv-0350-TOR, 2018 WL 327283 (E.D. Wash. Jan. 8, 2018) .........................................3

*Addison v. State of California*,
    578 P.2d 941 (Cal. 1978) ....................................................................................................5, 10

*Bakalian v. Cent. Bank of Republic of Turkey*,
    932 F.3d 1229 (9th Cir. 2019) ....................................................................................................2

*Balmuccino, LLC v. Starbucks Corp.*,
    No. B308344, 2022 WL 3643062 (Cal. Ct. App. Aug. 24, 2022) ................................4, 6, 10

*Barr v. Day*,
    124 Wn.2d 318, 879 P.2d 912 (1994) ........................................................................................6

*Benyaminov v. City of Bellevue*,
    144 Wn. App. 755, 183 P.3d 1127 (2008) .................................................................................3

*Blatt v. Deede*,
    135 F. App'x 968 (9th Cir. 2005) ...............................................................................................8

*Burnside v. Simpson Paper Co.*,
    123 Wn.2d 93, 864 P.2d 937 (1994) ......................................................................................4, 5

*Butler v. Nat'l Cmty. Renaissance of Cal.*,
    766 F.3d 1191 (9th Cir. 2014) ....................................................................................................2

*Canron, Inc. v. Fed. Ins. Co.*,
    82 Wn. App. 480, 918 P.2d 937 (1996) .................................................................................4, 7

*Coast Hematology-Oncology Assocs. Med. Grp. v. Long Beach Mem. Med. Ctr.*,
    272 Cal Rptr. 3d 715 (Cal. Ct. App. 2020) ................................................................................6

*CyWee Grp. Ltd. v. HTC Corp.*,
    312 F. Supp. 3d 974 (W.D. Wash. 2018) .................................................................................11

*Dimcheff v. Bay Valley Pizza Inc.*,
    84 F. App'x 981 (9th Cir. 2004) ...............................................................................................10

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - ii

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*Douchette v. Bethel Sch. Dist. No. 403*,
 117 Wn.2d 805, 818 P.2d 1362 (1991)............................................................................5, 9, 11

*Dowell Co. v. Gagnon*,
 36 Wn. App. 775, 677 P.2d 783 (1984).....................................................................................8

*Figueroa v. BNSF Ry. Co.*,
 275 F. Supp. 3d 1225 (E.D. Wash. 2017).................................................................................3

*Fowler v. Guerin*,
 200 Wn.2d 110, 515 P.3d 502 (2022).............................................................................2, 3, 9

*Jablon v. Dean Witter & Co.*,
 614 F.2d 677 (9th Cir. 1980)...................................................................................................11

*Masse v. Clark*,
 No. C06-5375-RBL/KLS, 2007 WL 1468820, at *7 (W.D. Wash. May 18, 2007)....................................................................................................................................8

*Mercury Casualty Co. v. State Bd. of Equalization*,
 224 Cal. Rptr. 781 (Cal. Ct. App. 1986)...................................................................................5

*Nguyen v. City of Vancouver*,
 No. 22-cv-5077-JHC, 2022 WL 2064548 (W.D. Wash. June 8, 2022)................................1, 2

*Price v. Gonzales*,
 4 Wn. App. 2d 67, 419 P.3d 858 (2018)...................................................................................9

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
 442 F.3d 741 (9th Cir. 2006) ....................................................................................................4

*Sager v. McHugh*,
 942 F. Supp. 2d 1137 (W.D. Wash. 2013)................................................................................3

**Statutes**

45 U.S.C. § 51..................................................................................................................................3

Cal. Civ. Code § 3294......................................................................................................................5

Cal. Civ. Proc. Code § 355...............................................................................................................4

RCW 4.16.080 .................................................................................................................................7

RCW 4.16.170–4.16.240 ..............................................................................................................7, 8

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - iii

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.* .................................................... *passim*

Uniform Trade Secrets Act, Chapter 19.108 RCW ............................................................ *passim*

**Other Authorities**

Fed R. Civ. P. § 12 ..................................................................................................................11, 12

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - iv

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON 98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

## I. REQUESTED RELIEF

Plaintiff's Opposition to Defendant Starbucks Corporation's ("Starbucks") Motion to Dismiss the First Amended Complaint ("FAC"), Dkt. # 28, rests entirely on its misguided position that "California law should be followed," including California's equitable tolling doctrine—despite the presumptive applicability of Washington law. *See* Dkt. # 28 at 8. As this Court recently instructed, federal courts generally "apply the forum state's statute of limitations . . . along with the forum state's law regarding tolling, *including equitable tolling*." *Nguyen v. City of Vancouver*, No. 22-cv-5077-JHC, 2022 WL 2064548, at *1 (W.D. Wash. June 8, 2022) (citation omitted) (emphasis added). Plaintiff does not argue that applying Washington's equitable tolling doctrine would be inconsistent with federal law.

Applying Washington's limitations periods and tolling laws here, Plaintiff does not dispute that (1) its initial complaint in this action was filed months after the relevant statutes of limitations expired and (2) it cannot satisfy this state's equitable tolling test, namely because Starbucks did not engage in any "bad acts" contributing to Plaintiff's months' long delays. *See* Dkt. # 28 at 5 n.3, 8. Plaintiff's concessions,[1] along with the absence of plausible allegations in the FAC supporting equitable tolling, requires the dismissal of all of Plaintiff's claims as untimely.

With respect to all other issues, to overcome the presumptive applicability of Washington law in favor of applying California law, Plaintiff must show that an "actual conflict" exists between the states' laws *and* that California enjoys a more "significant relationship" to this action. Plaintiff has failed to make either showing, requiring the application of Washington law.

Even if California law were to apply, which it does not, Plaintiff fails to show that it is entitled to bring untimely claims in this Court after waiting up to 11 months after the limitations periods expired. Specifically, Plaintiff has failed to plausibly allege that its egregious delays were "reasonable" and in "good faith" or there is a "lack of prejudice" to Starbucks. Plaintiff's strategic

---

[1] Plaintiff concedes that its breach of confidence claim (third claim) is preempted under Washington law. *See* Dkt. # 28 at 10–11.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

decision to appeal its claims in California's courts (an improper forum) for two years—instead of timely pursuing its claims in Washington's courts (the proper forum)—does not change this result: Plaintiff's decision amounts to nothing more than a strategic blunder or neglect, which is insufficient to invoke California's equitable tolling doctrine.

Accordingly, Starbucks respectfully requests that the Court grant its Motion to Dismiss the FAC ("Motion"), Dkt. # 27, and dismiss all of Plaintiff's claims as untimely and/or preempted as a matter of law. Starbucks alternatively requests that the Court strike or dismiss Plaintiff's improper claim for "punitive damages."

## II. ARGUMENT

### 1. Washington's Statutes of Limitations and Tolling Laws Apply Unless Inconsistent with Federal Law.

As a threshold matter, Plaintiff implausibly argues that the Court should follow the laws of California, not Washington. *See* Dkt. # 28 at 7–11. Plaintiff fails to acknowledge federal precedent presumptively applying the forum state's statutes of limitations and tolling doctrines—as recently articulated by this Court in *Nguyen*, 2022 WL 2064548. In *Nguyen*, this Court concluded: "federal courts apply the forum state's statute of limitations . . . along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws are inconsistent with federal law." *Id*. at *1 (quoting *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014)); *see also* Motion (Dkt. # 27 at 12, 18) (citing *Bakalian v. Cent. Bank of Republic of Turkey*, 932 F.3d 1229, 1234 (9th Cir. 2019) (federal courts generally apply "the forum's statute of limitations" and "its accrual and tolling rules")).

Plaintiff does not argue that Washington's tolling laws are inconsistent with federal law (as Plaintiff exclusively relies on California law). *See* Dkt. # 28 at 7–10. Instead, Plaintiff suggests that federal courts in Washington previously applied a simpler equitable tolling test (akin to the California test), which allegedly "did not require bad acts on" Starbucks part; but just last year, Washington courts purportedly adopted a new test in *Fowler v. Guerin*, 200 Wn.2d 110, 515 P.3d

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502 (2022), introducing the "'bad actor' requirement." *See* Dkt. # 28 at 8. Plaintiff is simply wrong.

The equitable tolling test outlined in *Fowler*, which has been applied by Washington courts "for over *20 years*," is not new. *See* 200 Wn.2d at 121 (emphasis added). The *Fowler* court merely reaffirmed that the "*traditional* . . . four-part standard . . . *remains* the standard for equitable tolling of statutes of limitations in civil actions under Washington law." *Id.* at 124–25. Plaintiff's incorrect assertion that *Fowler* changed Washington's equitable tolling standard by adding a "bad actor" requirement—thereby conflicting with federal law—should be rejected.

Moreover, Plaintiff relies on federal cases in which the courts applied the *federal* equitable tolling doctrine to claims brought under *federal law*. *See, e.g.*, *Figueroa v. BNSF Ry. Co.*, 275 F. Supp. 3d 1225 (E.D. Wash. 2017) (applying federal equitable tolling doctrine to a claim under 45 U.S.C. § 51); *Abeyta v. BNSF Ry. Co.*, No. 17-cv-0350-TOR, 2018 WL 327283 (E.D. Wash. Jan. 8, 2018) (same). These cases say nothing about what is required under *Washington*'s doctrine when a diverse plaintiff brings claims under *Washington* common law.[2]

Nor do these cases demonstrate that Washington's equitable tolling doctrine is inconsistent with federal law—particularly when, as here, Plaintiff's delays are solely due to "garden variety" neglect. *Compare Sager v. McHugh*, 942 F. Supp. 2d 1137, 1144 (W.D. Wash. 2013) (concluding plaintiff's attorney's failure to comply with filing deadline "falls squarely within what the Supreme Court and Ninth Circuit have termed 'garden variety claim of excusable neglect'"), *with Benyaminov v. City of Bellevue*, 144 Wn. App. 755, 760, 183 P.3d 1127 (2008) (Washington courts "should not extend [the tolling doctrine] to a 'garden variety claim of excusable neglect'").

Washington law must apply because Plaintiff has not plausibly argued that application of Washington's tolling laws would be inconsistent with federal law.

---

[2] Plaintiff's initial complaint (Dkt. # 1) asserted four *state* common law claims presumptively governed by Washington law. *See* Compl. ¶¶ 18–47. (Dkt. # 1). Although the FAC now untimely asserts two federal and California statutory claims (for the first time), *see* FAC ¶¶ 48–53, 59–63, the four other claims are brought under Washington common law or the Washington Uniform Trade Secrets Act, *see* FAC ¶¶ 24–47, 54–58 (Dkt. # 23).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## 2. As To All Other Issues, Washington Law Presumptively Applies Absent Conflict Between Washington and California Law and Significant Relationships with California.

As to issues other than the statute of limitations, Plaintiff also has not met its burden under Washington's conflict of laws rules to show that "[a]n actual conflict between the law of Washington and the law of [California]" exists—let alone that California's law is "fundamentally incompatible with Washington's." *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 103, 864 P.2d 937 (1994) (concluding assertions of "false conflict[s]" between states' laws are insufficient to overcome the presumption that Washington law applies). Nor has Plaintiff met its burden to show that California has a more "significant relationship" with the parties and relevant events than does Washington.[3] *Canron, Inc. v. Fed. Ins. Co.*, 82 Wn. App. 480, 492, 918 P.2d 937 (1996) (concluding "when the parties have not expressly chosen the law to be applied, courts will apply 'the law of the state which . . . has the most significant relationship to the transaction and the parties'"). Washington law presumptively applies.

### A. *No conflicts exist between Washington and California law.*

To demonstrate a "conflict" exists between the two states' laws, Plaintiff points to the alleged "incompatibility" between the two states' equitable tolling doctrines. *See* Dkt. # 28 at 8–9. For the reasons discussed in Section II(1) above, Washington law applies unless inconsistent with *federal* law (not California law).

But even if California's tolling laws applied to the sole California statutory claim asserted by Plaintiff (fourth claim) (*see* FAC ¶¶ 48–53 (Dkt. # 23)), no conflict exists between the two states' laws. Plaintiff exclusively relies on California's equitable tolling doctrine,[4] which requires

---

[3] As further addressed in Section II(2)(B) below, Plaintiff's "significant relationship" argument is precluded by the California court's finding that "there [wa]s *no* forum-related activity or occurrence by Starbucks that took place in California." *See Balmuccino, LLC v. Starbucks Corp.*, No. B308344, 2022 WL 3643062 (Cal. Ct. App. Aug. 24, 2022); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (concluding court may take judicial notice of briefing in prior proceedings).

[4] Because Plaintiff does not argue that California's "saving statute" (Cal. Civ. Proc. Code § 355) applies to this case, the Court may assume that the statute could not save Plaintiff's untimely claims (to the extent that California law applies). *See* Motion (Dkt. # 27 at 21–22).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Plaintiff to show "timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct" on Plaintiff's part. *Id.* at 7. Although the elements under California's equitable tolling test are distinguishable from Washington's elements—they are not "fundamentally incompatible" with them. California courts, like Washington courts, "strictly construe the limitations provisions" for certain claims, recognizing that a defendant's "right to be free of stale claims in time comes to prevail over the right to prosecute them." *See Addison v. State of California*, 578 P.2d 941, 942–44 (Cal. 1978); *see, e.g.*, *Mercury Casualty Co. v. State Bd. of Equalization*, 224 Cal. Rptr. 781, 786 (Cal. Ct. App. 1986) (refusing to apply equitable tolling where plaintiff "provides no explanation as to why it did not file the complaint" within six months of the deadline). Indeed, Plaintiff has provided *no* justification as to why these states' equitable tolling doctrines are "fundamentally incompatible" with one another, given both states' interests in protecting the defendant (and the court) from "stale claims." *Compare id.*, *with Douchette v. Bethel Sch. Dist. No. 403*, 117 Wn.2d 805, 812–13, 818 P.2d 1362 (1991); *see also Burnside*, 123 Wn.2d at 96, 100–01 (applying Washington law to claim by a California-based employee residing in Washington against California employer because California law, despite its differences with Washington's, was not "fundamentally incompatible" with Washington's laws or their purposes).

      Plaintiff also attempts to create a "false conflict" between Washington and California law on the ground that its breach of confidence claim (third claim) would be preempted under Washington's Uniform Trade Secrets Act ("UTSA"), but not California's UTSA. *See* Dkt. # 28 at 10–11; *see Burnside*, 123 Wn.2d at 100 n.3 (defining a "'false conflict' case"). Not only does Plaintiff implicitly concede that its breach of confidence claim is preempted by Washington law, it appears to misunderstand Starbucks preemption argument. As discussed in Starbucks Motion (Dkt. # 27 at 23–25), Plaintiff's breach of confidence claim is displaced by the UTSA because it sounds in *tort*, not contract. *See* RCW 19.108.900(1); FAC ¶ 47 (Dkt. # 23) (seeking punitive damages under Cal. Civ. Code § 3294(a) for "an action for the breach of an obligation *not* arising from contract," based on Starbucks alleged "malice" and "conscious disregard"). Application of

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

the California UTSA would likely result in the same outcome. *See* Cal. Civ. Code § 3426.7(b) (exempting contract and other claims from preemption under the UTSA, but failing to include *tort* claims); *see also Coast Hematology-Oncology Assocs. Med. Grp. v. Long Beach Mem. Med. Ctr.*, 272 Cal Rptr. 3d 715, 731 (Cal. Ct. App. 2020) ("California's trade secret statute displaces claims for unfair competition based on the same nucleus of facts as a trade secrets claim."). There is no "fundamental" conflict between Washington and California law with respect to UTSA preemption.

      B.    *California's relationship to this case is not more significant than Washington's.*

Plaintiff's unfounded assertion that California has the "most significant relationship" with this case has been resoundingly rejected by *two* California courts. As the California Court of Appeal found in the initial lawsuit, *Balmuccino, LLC v. Starbucks Corp.*, No. B308344, 2022 WL 3643062 (Cal. Ct. App. Aug. 24, 2022), "there [wa]s *no* forum-related activity or occurrence by Starbucks that took place in California" and "*all* the conduct giving rise to Balmuccino's claims occurred elsewhere: the disclosure of trade secrets occurred in New York, Starbucks[] development of the lip glosses occurred in Washington, and the lip glosses were awarded to residents of other states." *Id.* at *5. According to the *Balmuccino* court, "the uncontroverted evidence . . . is that the . . . Sip Kit lip glosses, as well as the entire promotion campaign, were created, developed and launched in Washington, *not California*." *Id*.

Plaintiff nevertheless challenges these judicial findings based on allegations that it is a California LLC that unsuccessfully pitched a joint venture to a Washington corporation in just one meeting that took place *outside of California*. *See* FAC ¶¶ 14–17 (Dkt. # 23). Plaintiff is precluded from now challenging the *Balmuccino* court's dispositive findings or its ultimate ruling that Starbucks lacks even "*minimum* contacts" with California, depriving its courts of personal jurisdiction over the matter. *See id.* at *4–5; *see Barr v. Day*, 124 Wn.2d 318, 234–25, 879 P.2d 912 (1994) (defining elements of issue preclusion or collateral estoppel). Plaintiff's conclusory assertion that California enjoys a more significant relationship to this case is insufficient to

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

overcome the presumption that Washington law applies. *See Canron*, 82 Wn. App. at 492 (concluding although Quebec "was the place of negotiating and entering the contract," Washington law presumptively applied because its "contacts with the issues in [that] case [we]re significant" and "Quebec's [we]re not"). Likewise, Plaintiff emphasizes California's "strong interest in protecting its resident businesses from trade secret thefts," but fails to acknowledge that both states have adopted the UTSA, showing Washington has an equal interest in protecting residents and non-residents alike from alleged misappropriation.

The Court should reject Plaintiff's attempts to create "false conflicts" between Washington and California law or to minimize Washington's significant relationship to the parties and events alleged in this case. Because Plaintiff has failed to meet its burden under Washington's conflict of laws analysis, the Court must apply Washington law.

### 3. Plaintiff's Complaint Was Not "Timely Filed" In This Court Or Tolled Under RCW 4.16.170.

Plaintiff does *not* dispute that under Washington, California, and federal law, Plaintiff was required to assert all of its claims within three years of discovering Starbucks alleged wrongdoing (or when it reasonably should have discovered such wrongdoing). *See* Dkt. # 28 at 5; *see also* RCW 4.16.080(2)–(3); RCW 19.108.060; Cal. Civ. Code § 3426.6; 18 U.S.C. § 1836(d). Plaintiff likewise does not dispute that it first discovered Starbucks alleged wrongdoing "in 2018" and then again in "April 2019." *See* Dkt. # 28 at 4. That is, Plaintiff concedes it was required to assert its claims by December 2021—or, at the latest, in April 2022—*before* the three-year limitations periods expired. Yet, Plaintiff nevertheless waited until October 2022 to file the complaint in this Court, nearly 11 months after the December 2021 deadline and nearly seven months after the April 2022 deadline. *See* Dkt. # 1. Plaintiff's claims are time-barred regardless of which forum's limitations period is applied.

Plaintiff challenges that inevitable result, arguing that it is entitled to statutory tolling under RCW 4.16.170 because, in October 2019, it filed the now dismissed complaint in a California

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

court. Plaintiff is wrong. As explained in the Motion (Dkt. # 27 at 18–19 & 19 n.6), Washington courts do not interpret RCW 4.16.170 as applicable to *previously* filed actions—but only to the *pending* action in which the operative complaint is filed. *See Dowell Co. v. Gagnon*, 36 Wn. App. 775, 776, 677 P.2d 783 (1984) ("'*[T]he complaint*' is the one filed in the action before the court, not *a* complaint independently filed"). Federal courts routinely cite *Dowell* for this proposition, concluding that a prior-filed case does not toll the limitations period for a later-filed case. *See, e.g.*, *Blatt v. Deede*, 135 F. App'x 968, 969 (9th Cir. 2005) (affirming dismissal of subsequently filed claim under *Dowell* because plaintiff's "prior action did not equitably toll the statute of limitations for his current cause of action"); *Masse v. Clark*, No. C06-5375-RBL/KLS, 2007 WL 1468820, at *7 (W.D. Wash. May 18, 2007) (dismissing as untimely a second civil rights suit grounds because, under RCW 4.16.170 and *Dowell*, "the statute of limitations is tolled only in the action in which the complaint is filed or the summons is served" and the "tolling provisions of RCW 4.16.170 do not apply to previously filed actions"). Plaintiff does not even address this authority, let alone explain why it is not fatal to Plaintiff's claims. *See* Dkt. # 28 at 6–7.

Plaintiff also fails to recognize that RCW 4.16.170 merely defines the date on which the then pending action (not the previous action) commences for purposes of statutory tolling. Even assuming RCW 4.16.170 could be interpreted to apply to the dismissed California action (it could not), Plaintiff does not cite any statutory grounds under RCW 4.16.180–4.16.240 that would *justify* tolling the limitations period in this case. *See* Dkt. # 28 at 6–7. Plaintiff's complaint is therefore time-barred, and Plaintiff is not entitled to statutory tolling under RCW 4.16.170.

**4.     Plaintiff is Not Entitled to Equitable Tolling.**

As discussed above, Plaintiff effectively *concedes* that it cannot satisfy Washington's "bad faith" requirement to justify tolling the limitations periods on equity grounds. *See* Dkt. # 28 at 8–10. Even if the Court granted Plaintiff's request to apply California's doctrine to the sole California UTSA claim, Plaintiff still has not met its burden to show that it is entitled to equitable tolling.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

### A. Plaintiff effectively concedes that Washington's equitable tolling doctrine does not warrant relief.

Plaintiff does not dispute (*see* Dkt. # 28 at 8–10) that it fails to satisfy Washington's equitable tolling standard on the ground that Starbucks did not engage in any "bad faith" attempts to cause Plaintiff's delay in filing the pending action. *See Fowler*, 200 Wn.2d at 119 (a party is entitled to equitable tolling only when there is "bad faith, deception, or false assurances by the defendant," among other prerequisites). Notably absent from the Opposition (and the FAC) are *any* allegations that Starbucks somehow deceived or gave "false assurances" to Plaintiff or that Starbucks otherwise acted in "bad faith," purportedly contributing to Plaintiff's egregious delays. *See* Dkt. # 28 at 8–10. Plaintiff argues instead that Washington's "bad acts" requirement was newly adopted in *Fowler* and should not be "retroactively applied" to this case because *Fowler* was "not on Balmuccino's radar" when it filed the California lawsuit in 2019. *Id.* at 8. Not so. As discussed in Section II(1) above, the "bad faith" requirement was adopted more than *20 years* ago and has been applied in civil actions ever since. *See Fowler*, 200 Wn.2d at 121–24. Plaintiff misreads *Fowler*, which reaffirmed the long-existing requirement of "bad faith or false assurances." *Id.*

Absent some "bad faith" act or "false assurances" on the part of Starbucks, Plaintiff cannot bring untimely claims under Washington's equitable tolling doctrine. *See Douchette*, 117 Wn.2d at 812 ("In the absence of bad faith on the part of the defendant and reasonable diligence on the part of the plaintiff, equity cannot be invoked."); *Price v. Gonzales*, 4 Wn. App. 2d 67, 76, 419 P.3d 858 (2018) (concluding Washington case law "illustrates the narrowness with which Washington courts have applied the 'false assurances' prong"). Plaintiff concedes as much.[5]

### B. California's equitable tolling doctrine does not warrant relief.

Even if the Court followed California law with respect to the California UTSA claim, Plaintiff's request for equitable tolling nevertheless fails.

---

[5] For the reasons discussed in the Motion, Plaintiff likewise fails to satisfy all other equitable tolling requirements. *See* Dkt. # 27 at 18–21.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Plaintiff does not address Starbucks threshold argument, *see* Dkt. # 27 at 22, that it is precluded from invoking California's equitable tolling doctrine *at all* in light of the Ninth Circuit's opinion in *Dimcheff v. Bay Valley Pizza Inc.*, 84 F. App'x 981 (9th Cir. 2004). In *Dimcheff*, the Ninth Circuit concluded that California's equitable tolling doctrine does not apply when "a plaintiff refiles the *same* claims and seeks equitable relief from the statute of limitations"—like in this case. *Id.* at *2. Instead, the doctrine applies "when a plaintiff, possessing *several legal remedies*, reasonably and in good faith pursues one designed to lessen the extent of his injuries or damages." *Id.* (citing *Addison*, 578 P.2d at 943) (emphasis in original). That is, Plaintiff cannot rely on California's equitable tolling doctrine because this is not a case where Plaintiff now brings *new* claims or remedies based on the same set of facts.[6] *See Addison*, 578 at 943.

Regardless, even if the Court were to apply California's equitable tolling doctrine, it is clear from Plaintiff's Opposition and the FAC that Plaintiff cannot meet two of three elements required under *Addison*, 578 P.2d at 943–44. Specifically, Plaintiff cannot show that: (1) it acted reasonably and in good faith by "unduly s[itting] on its rights [in Washington] while awaiting the outcome of an appeal" in California (in Plaintiff's words); or (2) Starbucks will suffer no prejudice due to Plaintiff's egregious delays. *See* Dkt. # 28 at 6–8.

As discussed in the Motion, Dkt. # 27 at 20, Plaintiff has not acted reasonably or in good faith when it had *17 to 21 months* to refile the action in Washington *after* the case was dismissed in California—yet, Plaintiff *still* missed the deadline to refile in Washington by *seven to 11 months*. *See* FAC ¶¶ 18–23 (Dkt. # 23). That is, Plaintiff strategically *chose* to challenge the trial court's ruling that California courts lacked personal jurisdiction over Starbucks and to delay the filing of a suit in Washington. *Id.* Nor does Plaintiff explain *why* it delayed filing the instant action (other

---

[6] Plaintiff's initial complaint filed in this Court asserted the same claims as those asserted in the complaint filed in California. *Compare* Compl. (Dkt. # 1), *with Balmuccino, LLC*, 2022 WL 3643062, at *1 (asserting claims for oral or implied contract, breach of confidence, and trade secret misappropriation).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

than relying on a remote chance of success in California); or why it failed to file the action in Washington and then seek a stay pending any potential relief in California. *See* Dkt. # 28 at 8.

Plaintiff also does not dispute that Starbucks will inevitably be prejudiced by the fact that, when this case is scheduled for trial, *more than six years* will have elapsed since the relevant events occurred, meaning "[w]itnesses may no longer be available, memories have faded, and relevant evidence may no longer be obtainable." *See* Motion (Dkt. # 27 at 26) (quoting *Douchette*, 117 Wn.2d at 813). Because Plaintiff has not alleged facts suggesting it is entitled to relief under California's equitable tolling doctrine, Plaintiff's California UTSA claim is also time-barred under California law.

### 5. Plaintiff Concedes that Its Breach of Confidence Claim Is Preempted Under the Washington UTSA.

Plaintiff *concedes* that its breach of confidence claim is preempted by the Washington UTSA. *See* Dkt. # 28 at 10–11. For the reasons discussed in Section II(2)(A) above and in the Motion (Dkt. # 27 at 24 n.9), this claim would likely be displaced under the California UTSA as well. Accordingly, this claim may alternatively be dismissed on preemption grounds.

### 6. Granting Plaintiff Leave To Amend Would Be Futile.

Because Plaintiff's claims are barred by the relevant statutes of limitations, and there are no plausible allegations in support of applying equitable tolling, the FAC's deficiencies cannot be cured by amendment. *See, e.g.*, *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682–83 (9th Cir. 1980) (affirming district court's Rule 12(b)(6) dismissal and concluding the "court properly found that the statute of limitations barred" plaintiff's action). Nor does Plaintiff address Starbucks position that Plaintiff's "repeated failure to cure deficiencies by amendments previously allowed," and the demonstrated prejudice to Starbucks, also warrants dismissal with prejudice. *See CyWee Grp. Ltd. v. HTC Corp.*, 312 F. Supp. 3d 974, 981 (W.D. Wash. 2018) (citation omitted). Accordingly, the Court need not grant Plaintiff's vague request to amend future pleadings.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 11

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

### 7. Plaintiff's Claim for Punitive Damages Should Be Stricken under Rule 12(f) or Otherwise Dismissed.

Starbucks alternatively moves to strike from the FAC or dismiss Plaintiff's claim for punitive damages as a result of Starbucks alleged tortious conduct. *See* FAC ¶¶ 47, 53, 58; § VII(7) (Dkt. # 23); Fed. R. Civ. P. 12(f) (providing courts may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter").

## III. CONCLUSION

Starbucks respectfully requests that the Court **grant** the Motion (Dkt. # 27) and **dismiss** all of Plaintiff's claims, *with prejudice*, on the grounds that Plaintiff's claims are time-barred and that the breach of confidence claim (third claim) is displaced by the UTSA. Starbucks alternatively requests that the Court **strike** or otherwise dismiss Plaintiff's improper request for punitive damages.

DATED this 14th day of April, 2023.

K&L GATES LLP

By: *s/ Shelby R. Stoner*
Pallavi Mehta Wahi, WSBA # 32799
Christopher M. Wyant, WSBA # 35561
Shelby R. Stoner, WSBA # 52837

925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
Tel: +1 206 623 7580
Fax: +1 206 623 7022
Email: pallavi.wahi@klgates.com
chris.wyant@klgates.com
shelby.stoner@klgates.com

*Attorneys for Defendant*
*Starbucks Corporation*

I certify that this memorandum contains 4,187 words, in compliance with LCR 7(e)(3).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 22-CV-1501 JHC - 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022